Decided at PENDLETON, 13 August, 1898.

RE ASSIGNMENT OF WOODALL.

[54 Pac. 209]

INSOLVENCY — COMPENSATION OF ASSIGNEE.—An assignee for creditors is en-
titled to a reasonable compensation considering the time and talent required
and the character of the service performed, and the amount is to be deter-
mined by the court, under section 3180, Hill's Ann. Laws, which authorizes
the allowance to an assignee of such commissions as may be considered just.

From Grant : MORTON D. CLIFFORD, Judge.

This is a proceeding to determine what commissions
should be allowed to the assignee of an insolvent debtor
in the settlement of his final account.   It appears that
R. O. Woodall was engaged in conducting a general
store at Long Creek, Grant County, and, being unable
to pay his creditors, made a general assignment for their
benefit by executing a deed of all his property not
exempt from execution to O. L. Patterson, who duly
qualified as assignee, filed with the clerk of the circuit
court of said county an inventory of the trust estate,
which was valued at the sum of $7,265.16, gave the
required notices, collected the sum of $1,185.12 on
account of debts due the estate, but employed a clerk to
manage the store, who realized the sum of $2,553.33 from
the sale of goods therein ; that, said insolvent having
effected a settlement with his creditors, the assignee
filed his final account, whereupon Woodall excepted to
the following items thereof, towit : "To service of as-
signee, $690 ; to service of salesman, $406.50."   Issue

having been joined thereon, a trial was had, and from the evidence taken thereat the court found, in substance, that the salesman was entitled to $45 per month as a reasonable compensation for his services, amounting to the sum so demanded, and that, if Patterson had performed all the duties connected with his office as such assignee, he would have been entitled to $100 per month, and deducting the amount to which the salesman was entitled from the sum which the assignee could have earned, awarded the latter $506 as a reasonable compensation, and made an order approving the final account thus modified, and discharging the assignee, from which Patterson appeals.

For appellant there was an oral argument by *Mr. Chas. W. Parrish.*

For respondent Woodall there was a brief over the name of *Jas. A. Fee* and *Thornton Williams*, with an oral argument by *Mr. Fee.*

Mr. Chief Justice Moore, after stating the facts, delivered the opinion of the court.

It is admitted that the assignee faithfully discharged the trust which he accepted, and personally performed all the duties connected therewith, except caring for the store ; and the evidence tends to show that, if he had devoted his whole time and attention to the management of the estate, he could have performed all the service which the business demanded, thereby rendering it unnecessary to have employed a salesman. The statute prescribing the duties and compensation of an assignee requires that he shall, as soon as the estate can be settled, render a final account of his trust to the circuit court, which is authorized to allow him such commis-

sion as may be considered just and right. Hill's Ann. Laws, § 3180. It is held in some jurisdictions that where the deed of assignment contains no express stipulations for compensation to an assignee, and the statute fails to make any provision therefor, he is entitled to none; while in others it is held that upon the settlement of his account he is entitled to the same commissions allowed to an executor or administrator, or there may be paid to him such reasonable compensation on account of his services as the court may deem just. Burrill, Assignm. § 376 *et seq.* The assignee having accounted for the sum of $7,265.16 as the value of the whole estate, if he is to be allowed the same commission thereon as is ordinarily awarded an executor or administrator, his compensation would have been only $265.30. Hill's Ann. Laws, § 1180.

An assignee may deem it expedient and to the best interests of the estate to continue the operation of the business in which the assignor was engaged, in the hope that the insolvent may be enabled thereby to pay his creditors' demands, and thus redeem his property ; but in the case of a decedent's estate no such expectation can ever be entertained, and hence the assignee may be required to perform greater service than is demanded from an executor or administrator, in view of which the commissions allowed the latter would often be entirely inadequate for the former. When such extra service has been rendered by the assignee, he ought to have such compensation as would be reasonable, in view of the time, talent, and character of service employed in the management of the trust estate. The allowance of compensation to an assignee for service rendered in the discharge of his duties must necessarily be a matter resting largely within the discretion of the circuit court, which, being cognizant of the character of the service performed, can ordinarily be depended upon to make a fair allow-

ance for unusual demands upon the assignee's time ; and, this being so, the amount so awarded ought not to be disturbed on a review of its acts on appeal, unless it clearly appears that there has been a manifest abuse of discretion, or that the amount allowed is disproportionate or not equivalent to the service performed. *Muldrick* v. *Galbraith* ( Or. ) 49 Pac. 886. The evidence shows that Patterson made several journeys from Long Creek to Canyon City and elsewhere in the interests of the estate, but we think the court allowed him a reasonable compensation for his service, or, at least, that there has been no abuse of discretion ; and hence it follows that the judgment must be affirmed.

AFFIRMED.

Decided at PENDLETON, 13 August, 1898.