RE PLUNKETT'S ESTATE.

FREELAND v. CUNNINGHAM.

[54 Pac. 152]

APPEALS FROM COUNTY COURT—PRACTICE.—An adjudication of a county court settling the final account of an administrator and directing the distribution of the estate, is a decree and not a judgment, and on an appeal the evidence must accompany the transcript and the case be tried anew.

IDEM.— On an appeal to the circuit court from a decree of a county court the cause is to be tried and finally settled—it may be remitted for further proceedings as directed, but not for a new trial.

IDEM.—Where a record on appeal from a county court to the circuit court fails to show all the evidence given at the trial, or the jurisdictional papers, the circuit court cannot do otherwise than dismiss the appeal for lack of jurisdiction. The fact that the parties appear, and the cause is thereupon determined, does not cure the defect.

From Morrow: STEPHEN A. LOWELL, Judge.

Judicial accounting of W. B. Cunningham, as administrator of the estate of Eliza Ann Plunkett, deceased. From a decree settling the final account, and directing payment of the funds of the estate to the county clerk, an appeal was taken to the circuit court. A decree was there made remanding the matter to the county court, and E. L. Freeland, the administrator subsequently appointed, appeals.

REVERSED.

For appellant there was a brief over the name of *Brown & Redfield*, with an oral argument by *Mr. C. E. Redfield*.

For respondent there was a brief and an oral argument by *Mr. G. W. Rea*.

MR. JUSTICE WOLVERTON delivered the opinion of the court.

This appeal is from a decree of the Circuit Court of Morrow County in the above-entitled matter, remanding the cause to the county court of said county for retrial therein. It appears that after the revocation of the letters issued to W. B. Cunningham, as administrator of said estate, the county court, on June 8, 1888, made and entered an order and decree approving and settling his final account, and directed that he pay to the county clerk the funds of the estate remaining in his hands upon such settlement, amounting to $2,435.86. From the decree of final settlement there was an attempted appeal to the circuit court, and it seems a trial was had therein, the late Judge Bird presiding, but, owing to his illness and consequent demise, no decree was rendered by him. Thereafter the matter was again brought on for hearing upon a motion by Cunningham for an order reversing

the said decree, on the ground that the record shows the county court exceeded its jurisdiction in the premises, and upon the motion of E. L. Freeland, the administrator subsequently appointed, for its modification, by directing Cunningham to pay over the said sum of $2,435.86 to him instead of the county clerk. There is in the record what purports to be a transcript from the county court and some testimony which appears to have been taken in said court, but there is no certificate attached, nor is there any notice of appeal, so far as the record discloses. The circuit court found that it was impossible to determine whether the evidence taken in the county court had been certified up and lost during the illness of the judge then presiding, or whether the record was ever perfected, and the question is, was there authority of law to justify the order remanding the cause for a retrial in the county court?

Subdivision 3, § 546, Hill's Ann Laws, is relied upon as conferring the authority. It reads as follows : '' Upon an appeal to the circuit court, the manner of proceeding thereafter is the same as if the action or suit had been commenced in such court; but if the appeal be from a decree of the county court, the appellate court may give a final decree in the cause or matter, to be enforced as a decree of such court, or such decree as may be proper, and direct that the cause or matter be remitted to the court below for further proceedings in accordance therewith.'' This section, however, must be construed in connection with section 902, which provides that the provisions of title IV, chapter VI, relating to appeals, are intended to apply to judgments and decrees of the county court in all cases, but not to its decisions given or made in the transaction of county business, and section 543, which provides that, upon an appeal from a decree given in any court, the suit shall be tried anew upon the tran-

script and evidence accompanying it.    The proceedings
had in the county court touching the final account of the
administrator were in the nature of a suit in equity, as
distinguished from an action at law, and hence the
appeal was from a decree, and not from a judgment.
Hill's Ann. Laws, §§ 895, 1077, 1078.    Such being the
case, the evidence taken and submitted in that court
should accompany the transcript, and the trial in the
circuit court is anew upon such evidence, and not as in
the case of an appeal in an action where the trial is had
as if the action had been originally commenced in the
latter court.    Such has been the practice so far as we
are aware, and is fully sanctioned by a reasonable inter-
pretation of the sections cited.

A trial *de novo* precludes the idea of a direction to the
lower court to retry the issues upon which it has once
passed, and which stand for trial in the circuit court on
the appeal, as the effect of such a proceeding would be to
grant a new trial, which is subject matter for the court
of original jurisdiction only.    By intendment of subdi-
vision 3, *supra*, the decree of the circuit court becomes
final upon the matter in hand, which it may enforce
through its own process, or direct that it be remitted to
the county court, with directions to take such other
action in the premises as may seem proper, but always
in harmony with the decree of the circuit court.    It does
not contemplate an affirmance or reversal for errors
that may appear of record, but a final adjudication
touching the matter thus brought on for hearing, which
may be enforced as a decree of that court, or, if remitted,
controls the future proceedings of the county court.

The record fails to show whether the appeal from the
county court was ever perfected or not.    If it was never
perfected, as a matter of course the circuit court had no

33 OR.—27.

jurisdiction whatever to proceed in the premises except to dismiss the proceeding ; but, if it was perfected, the papers necessary to confer jurisdiction, and part of the evidence, all which evidence is requisite to a trial *de novo*, are supposed to have been lost, and none were substituted or supplied in their stead ; so there was nothing to show that the circuit court had acquired jurisdiction, and the fact that the parties appeared, and the cause was thereupon heard and determined, cannot be taken as curing the defect.    *Wolf* v. *Smith*, 6 Or. 73.    So that, in either event, the circuit court was powerless to affirm, reverse, or modify the decree of the county court, or to proceed in the premises, or do otherwise than to dismiss the appeal, and this was not asked for.    The order of this court will be that the decree of the court below be reversed, and the cause remanded, with directions to take such further proceedings as may seem proper in the premises, not inconsistent with this opinion.

<div align="right">Reversed.</div>

<div align="center">

Decided at Pendleton, 13 August, 1898.