## MATCHETT v. LIEBIG.

Evidence, on a motion to set aside a default judgment on the ground that it was void because defendant had not been served with summons, the motion therefore not being addressed to the court's discretion, *held* insufficient to sustain a finding that he was not served.

(Opinion filed, Nov. 1, 1905.)

Appeal from Circuit Court, Brown County. Hon. CHAS. S. WHITING, Judge.

Action by D. F. Matchett against Rudolph Liebig. From an order setting aside a default judgment, plaintiff appeals. Reversed.

*Campbell & Taylor,* for appellant. *Sterling & Clark,* for respondent.

CORSON, J. This is an appeal by the plaintiff from an order vacating and setting aside a default judgment entered in the circuit court of Brown county on the 17th day of December, 1900. The notice of motion was duly given in April, 1904, that the defendant would move the court on May 9th for an order vacating and setting aside the judgment, and that said motion would be made on the ground that no service of summons in the action had been made, and was based upon affidavits served in connection with the motion. The court on the hearing granted the motion vacating and setting aside the judgment, and also ordered that the defendant have leave to answer in the action. The theory upon which the counsel for the defendant proceeded in making their motion seems to have been that, inasmuch as there was no service of summons, the judgment was a nullity, and that the only order that the court could properly make therein was an order vacating and setting aside the same. Annexed to the notice of motion were the affidavits of the defendant, his wife, and Mr. Thomas Sterling, and on the hearing of the motion the plaintiff read, not only the affidavit made by the person serving the summons, but his corroborating affidavit, and the affidavits of E. F. McCoy and Judge A. W. Campbell.

It is contended by the appellant that the original affidavit of Mr. Lyons attached to the summons proves that the service was properly made, and that the affidavit of said Lyons who served the summons, read on the hearing, giving, as it does, in detail the manner of his service, strongly corroborates the original affidavit; that the affi-

davits of E. F. McCoy and Judge Campbell, showing that they had various conversations with the defendant after the entry of the judgment in regard to the same, and in no instance did he claim or pretend to claim that the summons was not regularly served upon him, also strongly corroborates the statements of Lyons as to the service of the summons. Mr. Lyons states in his affidavit read on the hearing of this motion that he went to the house of the defendant to serve the summons, and, being informed that the defendant was absent, he thereupon served the summons upon Mrs. Liebig, the wife of the defendant, by delivering to and leaving with her a copy of the summons, and explaining to her the nature of the same. Mrs. Liebig, the wife of the defendant, denied that service of any paper was made upon her by Mr. Lyons at the time stated by him, or any other time; and her husband attempts to corroborate her statement by stating that he never received the said copy of the summons or knew of the existence of the judgment, until two or three years after the same had been entered.

It is contended by the appellant that the rule now generally prevailing is to the effect that proof of service and the certificate or affidavit of service may be traversed, yet that the rule is firmly established that the return is strong evidence of the facts therein properly recited and should be upheld, unless opposed by clear and satisfactory proof; that the presumption in favor of the return of the officer or person making the service, and the recitals in the judgments, though not absolutely conclusive, can be overcome only by the most clear and satisfactory evidence that the service, as returned by the officer or party serving the summons, was not actually made; and that the evidence in this case is not sufficient to overcome the proofs made as to the fact that the service was actually made as detailed by the party making the service, with the corroborating evidence of McCoy and Judge Campbell, as to what occurred between them and the defendant subsequent to the entry of the judgment. Undoubtedly the rule as stated by the appellant is the correct rule, and is thus stated in Bank v. Ridpath, 29 Wash. 687, 70 Pac. 139: "The return of service, either by a sheriff or by a disinterested person authorized by law to make it, is *prima facie*

evidence of the material facts recited therein; and a court of equity should not set aside a judgment, except upon clear, satisfactory, and convincing proof of lack of service of process by the person making it." That court further says: "There is no real distinction between the return of an officer and that of a person authorized to make the service. The sanctity of an official oath is no greater than the sanctity of the affidavit of service made by a disinterested person." In Ketchum v. White, 72 Iowa, 193, 36 N. W. 427, the Supreme Court of Iowa, in speaking upon the subject, says: "Upon grounds of public policy the return of the officer, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof." Wyland v. Frost, 75 Iowa, 209, 39 N. W. 241; Ill. Steel Co. v. Dettlaff, 116 Wis. 319, 93 N. W. 14; Randon v. Collins, 58 Tex. 231; Wilson v. Shipman, 34 Neb. 573, 52 N. W. 576; Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Starkweather v. Morgan, 15 Kan. 274; Connell v. Galligher, 36 Neb. 749, 55 N. W. 229; Osman v. Wisted, 78 Minn. 295, 80 N. W. 1127; 18 Encyc. of Pl. & Pr. 984.

The original affidavit of B. F. Lyons as to the service shows such a service as is prescribed by law, and is not questioned by the defendant. As before stated, the said Lyons made an affidavit which was read upon the hearing of the motion, and which is in substance as follows: That the affiant distinctly remembers the facts and circumstances surrounding the service of the said summons; that he went to the home of said defendant on said 3d day of November, 1900, for the purpose of serving the same; that he was unable to find said defendant in person at or about his said dwelling house; that he inquired of Hanna Liebig, his wife, for the whereabouts of said defendant, and was informed by her that he was absent; that at the time the wife of the said defendant was not in the dwelling house, but was outside and near the same, and that, upon being informed that the defendant was away from home, he then and there served said summons by delivering to and leaving with her a true copy of the same, and then and there fully explained to her what the same was; that after making such service, upon the same day,

he returned to the city of Redfield and there made and signed his affidavit of service, which is attached to the original summons. Mr. E. F. McCoy, who, it seems, was the agent of the plaintiff, and who caused the summons to be issued therein, on behalf of said plaintiff, states that he sent the same to B. F. Lyons, of Redfield, S. D., with directions to the said Lyons as to the manner of serving the same. Thereafter on the 17th day of December, the defendant not having answered nor appeared in said action, McCoy, as such agent, caused judgment to be taken therein, and caused the same to be duly docketed and entered in the office of the clerk of the circuit court in and for the county of Brown on said last-mentioned date. Mr. McCoy further says that since said time he has on various occasions spoken to and talked with said defendant in regard to the said judgment, and requested him to pay the same; that he has frequently, since the said time, discussed the fact of the rendition of said judgment with Messrs. Sterling & Clark, and each of them, attorneys for the defendant, and has attempted to prevail upon them to induce their client to settle and pay the same; that particularly, on or about the 18th day of May, 1903, affiant discussed fully with defendant, not only the actions then pending in Spink county against the said defendant, but also the judgment theretofore rendered in Brown county; that at no time when affiant has talked with said defendant, and discussed with him the fact of the entry of judgment herein, has either the said defendant or Sterling & Clark claimed or in any manner intimated that said judgment was not regular and obtained on service of summons duly and properly made. Judge A. W. Campbell in his affidavit states that he was the attorney for the above-named plaintiff; that, on the day of the trial of another action against the defendant, affiant had a lengthy conversation with him in regard to a settlement of the case then about to be tried, and that in said conversation an attempt was made to settle the matters in difference between said parties, and the judgment rendered against said defendant in Brown county, and the amount thereof, was fully discussed and referred to in said conversation, and that at such time of settlement said defendant made no claim that the judgment rendered in this action in Brown county was irregular or invalid, or

that service of the summons therein was not properly had upon him; that subsequently, on or about the 1st day of February, 1904, the said defendant visited his office and the Brown county judgment was again discussed between the affiant and the said defendant, and that he then made no claim that the judgment rendered against him in Brown county was void or irregular, or that the summons had not been properly and regularly served therein.

The only evidence directly tending to contradict the return of the officer and the recitals in the judgment was, as before stated, the affidavit of Mrs. Liebig, who denies that the summons or any other paper was served upon her on the 3d day of November, 1900, or at any other time, and that the first notification or intimation whatsoever that she had that B. F. Lyons claimed to have left a summons in the above-entitled action with her was when her husband informed her, during the fall of 1903, that the said Lyons had made an affidavit to that effect; and she further states that, if said affidavit was made by the said Lyons, the same is wholly false and untrue. There is quite a long affidavit of Mr. Sterling, one of the attorneys for the defendant, which gives a detailed account of a number of cases pending against the defendant; and he states that he never heard of the action resulting in the judgment in Brown county sought to be set aside, and that in his various conversations with the attorney for the plaintiff and E. F. McCoy, the agent of the plaintiff, in regard to the settlement of matters beween the plaintiff and the defendant, no mention was ever made of the judgment in Brown county, and that he believed that, if the summons had been served as stated by Lyons, the defendant would have brought it to him for the purpose of answering and defending against the said action. This affidavit, it will be observed, presents but slight evidence in corroboration of the affidavit of Mrs. Liebig.

The motion was not addressed to the discretion of the trial court, and hence there was no presumption of the exercise of any such discretion. The motion, as will be observed, was based upon the theory that the judgment was absolutely void for the reason that the defendant had never been served with process. The only question, therefore, for the trial court to determine was as to whether

or not the evidence was clear and satisfactory that no service was in fact made upon the defendant, and in the manner detailed by Lyons, who claims to have served the same. We are of the opinion that upon the evidence presented the court clearly erred in vacating and setting aside the judgment, and that the preponderance of the evidence was clearly in favor of the due service. It would be a very dangerous rule to establish that a defendant, after a default judgment had been entered against him, might, upon the affidavit of himself or his wife, denying the service as claimed to have been made, have the same vacated and set aside, where the proof of service is as full and complete as that in the case before us. The amount involved in the action was only about $100, and B. F. Lyons, who made the service, was presumptively a disinterested party, and, as the original affidavit made by him of the service was made on the day of the service, consequently his statements made therein must have been true or intentionally false, as must have been the affidavit made by him on the hearing of this motion; while the statement of Mrs. Liebig as to what occurred nearly three years after the transaction may be explained upon the theory of forgetfulness, or the fact that she did not fully understand the importance to her husband of such paper served upon her, without imputing to her any intentional misstatement. And the fact that the defendant, in discussing this judgment with Mr. McCoy, the agent of plaintiff, and with Judge Campbell, the attorney for the plaintiff, failed to make any mention of the fact that he had not been served with the summons, is strongly corroborative of the affidavit of Lyons. While, as before stated, the amount involved in this case is comparatively small, the principle sought to be established is a very important one, and, if a defendant is allowed to succeed in his motion upon the evidence produced by him, it would go far toward weakening the sanctity attributed to judgments, and open the door for very grave frauds and possible perjuries on the part of a defendant. Upon grounds of public policy, therefore, the return of the officer, though not regarded as conclusive, should be strong evidence of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by a clear and satisfactory proof. In law there

is no distinction between the return of an officer and the affidavit of the person making the service of the summons. Bank v. Ridpath, supra; 4 Wait's Practice, 623; Allen v. McIntyre, 56 Minn. 371, 57 N. W. 1060; Plano Mfg. Co. v. Murphy, 16 S. D. 380, 92 N. W. 1072.

It is further contended that the trial court erred in granting leave to file an answer in the case, inasmuch as such relief was not asked for in the motion, and no verified answer was served with the motion papers; but, in the view we take of the case, we do not deem it necessary to pass upon that question at this time.

The order of the circuit court is reversed.