### JONES, Appellant, ·v.· H(OPKINS, Respondent.
### (137 N. W. 280.)

1. **Judgment—Default Judgment—Want of Service—Vacation of Judgment—Date of Service.**

On motion to vacate default judgment for want of service, the burden was on defendant to prove by clear and satisfactory evidence that summons and complaint were not delivered to him at any time; the fact that service was not ·made on day stated in return is but a circumstance to be considered in determining whether service was ever made, but not alone sufficient to warrant vacation of judgment.

2. **Default Judgment — Service — Conflicting Evidence — Vacating Judgment.**

Where, on motion to vacate a default judgment, the affidavits, pro and con, as to whether service was made on defendant, are conflicting, no special interest appearing in the person whose affidavit shows service on a wrong date, and in view of defendant's interest, held, the evidence does not justify vacation of the judgment.

3. **Default Judgment—Service—Negligence in Making Proof of Service—Whole Record Controls.**

Where, on motion to vacate a default judgment, the affidavits as to whether service was in fact made on defendant, are conflicting, involving some errors as to facts, and the errors in affidavits of service and the long delay in making them show inexcusable negligence, yet do not justify conclusion that a conspiracy to deceive the court or defraud the defendant existed, and in view of the fact that the motion to vacate was not addressed to discretion of trial court, held, the conclusion of the Supreme Court on appeal must be based on judgment roll and affidavits as they appear of record, uninfluenced by decision of trial court or personal knowledge of parties or witnesses.

4. **Default Judgment—Setting Aside for Want of Service—Action in Equity on Issue of Service of Process.**

Where defendant, against whom default judgment went, denied that service of summons and complaint had ever been made on him, contrary to affidavit of service, the issue is one which should be determined by action in equity, with opportunities of cross-examination, impeachment, etc., and not by affidavits on motion to vacate the judgment.

(Opinion filed July 26, 1912.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by D. D. Jones against C. M. Hopkins. From an order vacating a default judgment in favor of plaintiff, he appeals. Reversed.

*W. F. Mason,* for Appellant.

Even though it were conceded that the service of the summons and complaint in this action was not made on May 12, 1908, it would not follow that the judgment should be vacated or set aside. Naming the wrong day in an affidavit of service is a mere irregularity and not fatal. McAuliffe v. Hughes, 112 N. Y. Supp. 486.

There was but one question before the circuit court to be considered, and the question before this court is the same. Taxing all the evidence together, can it be said that the defendant has proven by clear, satisfactory and convincing evidence that the summons and complaint were in fact not served upon him? Upon this question there is much important evidence contained in the affidavits submitted on the part of the plaintiff, and no rebuttal of any portion thereof other than the denials contained in the rebuttal affidavit of C. M. Hopkins, which raised a square conflict between him and each of the three witnesses who made affidavits on behalf of the plaintiff, on many salient and important points.

If we eliminate the affidavits of defendant Hopkins, there remains no substantial conflict between the testimony of any witness and that of any other witness.

It is very easy to understand how Lyons may have told Newcomb that he made the service at the postoffice, meaning just outside rather than inside.

It is respectfully submitted that, taking all the evidence together, it is pretty clearly established by a decided preponderance of evidence that service was made upon the defendant Hopkins, not later than the summer of 1908, and more than a year before judgment by default was taken.

The evidence being all in affidavits, this court is in as good a position to determine the weight thereof as the circuit court could have been; and this was not a motion addressed to the court's discretion, and the only question which was before the circuit court, and is now before this court, is whether or not the

evidence was clear and satisfactory that no service was in fact made upon the defendant. Matchett v. Liebig; 20 S. D. 169, and cases there cited.

There is no real distinction between the return of an officer and that of a person authorized to make service. The sanctity of an officer's oath is no greater than the sanctity of an affidavit of service made by a disinterested person. The return of service either by sheriff or by a disinterested person authorized by law to make it, is prima facie evidence of the material facts recited therein; and a court of equity should not set aside a judgment, except upon clear, satisfactory, and convincing proof of lack of service of process by the person making it. Bank v. Ridpath, 29 Wash. 687, 70 Pac. 139; 4 Wait's Practice, 623; Matchett v. Liebig, supra, and cases there cited at page 171 of 20 S. D.; Randall v. Collins, 58 Tex. 231; Jensen v. Crevier, 33 Minn. 372, 23 N. W. 541; Ketchum v. White, 72 Ia. 193, 33 N. W. 627; Wyland v. Frost, 75 Ia. 209, 39 N. W. 241; Connell v. Galligher, 36 Neb. 749, 55 N. W. 229; Huntington v. Crouter, 33 Ore. 408, 54 Pac. 208; Wait's Practice, Vol. 4, page 633.

*C. O. Newcomb,* for Respondent.

It was and is the contention of the respondent that the judgment is void on the ground that no service of process had ever been made upon the defendant, which contention was upheld by the circuit court upon the hearing of the motion. One Parker H. Lyons, who claims to have made the service of the summons and complaint upon the defendant (Abstract folios 2 to 5), says in his affidavit that the service was made in Aberdeen, Brown county, South Dakota, on the 12th day of May, 1908; and he swears to this affidavit nearly one year later, on May 1, 1909; and in his rebuttal affidavit offered upon the hearing (Abstract folios 30 to 31) he carefully refrains from attempting to show that the alleged service was made on the 12th day of May, 1908.

A good deal of stress was laid by the appellant on the hearing upon the proposition that the date shown in the return might not be the correct date of service, but that they might show some other date as the true date of the service of the summons and com-

plaint; this may be the rule in some cases (i. e.) if the fact of service was not denied.

In support of the above rule contended for by appellant, he relies upon the case of McAuliff v. Hughes, 112 N. Y. Supp. 486, The facts in the case at bar do not bring it within the rule laid down in the above case. In that case an affidavit of service was made by the attorney for the plaintiff, in which he gave the date of the service at a date prior to the time of the issuance of the summons; he also made the affidavit of default showing the service, and the court says the fact of service has never been denied, and apparently the defendant derived the benefits resulting from the suit, and holds that the naming of the wrong date of service was a mere irregularity.

We do not think that the rule which provides that the judgment should not be set aside except on clear and satisfactory evidence requires the party moving to set it aside to have the greater number of witnesses, but if after considering the evidence on both sides, the court is of the opinion that the party attacking the judgment has shown to the satisfaction of the court that it should be set aside, the rule is complied with.

Can the plaintiff now claim that the summons was served at some other date than that alleged in the affidavit of service and not attempt to show the true and correct date? We would respectfully ask how the defendant can furnish any evidence other than is shown by the one statement "that no service was ever had," when the plaintiff attempting to sustain the judgment comes in with a broad statement that it was served some time before judgment was rendered.

HANEY, J. This appeal is from an order vacating a default judgment, on the ground that the summons was not in fact served upon the defendant.

The judgment roll discloses a summons, dated April 9, 1908, a complaint, verified before Ira O. Curtiss, then attorney for the plaintiff, on the same day, an affidavit of service, subscribed and sworn to before Mr. Curtiss May 1, 1909, stating that the summons and complaint came into the hands of Parker H. Lyons, a citizen of this state, over 21 years of age, and not a party to or

in any manner interested in the cause of action, on April 9, 1908, and that the same were served at Aberdeen on May 12, 1908, by the delivery of true copies to the defendant, an affidavit of default, in usual form, made by plaintiff's attorney, September 21, 1909, stating that the summons and complaint were served May 12, 1908, and a judgment in favor of the plaintiff for $656, and costs, signed by the circuit judge September 22, 1909, filed attested, and docketed February 14, 1910.

If the circuit court erred in overruling plaintiff's objection to the portions of the defendant's rebuttal affidavit relating to his expense account as state hotel inspector, it was error without prejudice. The entire evidence, independently of such portions, clearly justifies the conclusion that the defendant was not in Aberdeen from 6:35 a. m. May 12 untl May 14, 1908.
1908.

[1] If plaintiff's witnesses, relying on personal recollection or data aliunde the record, were insisting that the service was made May 12, 1908, if the evidence compelled the conclusion that it was made on that particular day, or not at all, convincing evidence of defendant's absence from Aberdeen on that date would justify the decision of the learned circuit court; but that was not the issue presented by the motion to vacate. The burden was upon the defendant to prove by clear and satisfactory evidence that the summons and complaint were not delivered to him at any time. Matchett v. Liebig, 20 S. D. 169, 105 N. W. 170. The fact that the summons was not served on the day stated in the return is a circumstance to be considered in determining whether it was ever served; but such fact alone would not justify the order of the circuit court.

[2] As to the real issue—whether the summons and complaint were delivered to the defendant—the only persons in position to testify from personal knowledge directly contradict each other. Lyons states in his affidavit that he distinctly recollects meeting the defendant, with whom he was personally acquainted, on the street coming from the post office, in Aberdeen; that he then and here handed the summons and complaint to the defendant; and that the defendant took the papers, looked at them,

and remarked that he would "fight it." The defendant positively denies that any such transaction ever occurred anywhere. Evidently one or the other is mistaken, or has sworn falsely. Though it appears that Lyons was in the employ of the plaintiff's attorney, the record discloses no special interest in the plaintiff or hostility to the defendant. It is difficult to understand how he could be mistaken. If he did not serve the summons, and knew he had not done so when he made the return of service, he not only committed perjury and a fraud upon the court, but did the defendant a grievous wrong. No one should be presumed guilty of such reprehensible conduct, in absence of convincing proof of his guilt. In view of defendant's interest, the evidence of these two witnesses certainly does not justify the decision of the trial court.

[3] The record contains two affidavits by the defendant's attorney, one served with the notice of motion, the other read in rebuttal. Both relate to a conversation with Lyons on July 19, 1911. In the first, affiant states that Lyons told him the summons and complaint were served "*at* the post office in the city of Aberdeen." In the second, that Lyons told him they were served "*in* the postoffice building in the city of Aberdeen." In the first, he swears Lyons stated the service was made, "according to his best recollection, not to exceed one week before the day on which he swore to the affidavit before Ira O. Curtiss." In the second, he states: "Affiant asked him if it was six months after the date of service before he swore to the affidavit, and the said Lyons stated positively that it was not; that it was a good deal shorter time than that." This testimony, taken in connection with that of Lyons touching the same subject, adds nothing to the probative force of the defendant's evidence. Defendant's wife states, in effect, that, though she and her husband discussed business matters, she received no intimation of any proceedings having been commenced until July 13, 1911, when informed by her husband's attorney that a judgment had been rendered in this action. This was the same day the defendant first heard of the judgment, according to his testimony. Lyons and the plaintiff both testified that the defendant stated, in the presence of Ira O. Curtiss, that

he had allowed his time for answering to expire. Though its weight is impaired by the plaintiff's interest, the failure of Mr. Curtiss to mention the conversation in his affidavit and the defendant's denial, the evidence concerning this alleged conversation certainly cannot be regarded as tending to prove that the summons was not served.

Mr. Curtiss states that some time in the latter part of the spring or early summer of 1908 he handed the summons and complaint to Lyons for service, and that later on the same day Lyons returned the same to him, reporting that they had been served. The affidavit of service states that the summons, which bears date of April 9, 1908, came into Lyons' hands on the same day, and that it was served May 12, 1908. It was not sworn to until May 1, 1909. As has been shown, it clearly appears from the defendant's testimony, independently of the portions to which objection was interposed, that the affidavit of service does not speak the truth with respect to the date of service; and, if Mr. Curtiss is correct, it does not speak the truth as to the date it was received by Lyons for service. The affidavit of default was not made until September 21, 1909. The judgment was not filed and docketed until February 14, 1910. The reasons assigned for this long delay in preparing the judgment roll are apperent inability to collect and possibility of settling the claim; sufficient reasons, perhaps, for delaying to file the judgment, but little, if any, excuse for failing to make return on the summons for almost one year after it must have been served, if served at all. So we have the uncorroborated, positive testimony of the defendant that the summons was not served, opposed by the positive testimony of Lyons, based upon personal recollection that it was served, impaired by the fact that his affidavit of service, made nearly a year after the transaction to which it relates transpired, is clearly erroneous as to the date of service, and probably erroneous as to the date when the papers came into his hands for service. While these errors in the affidavit of service and the long delay in making the affidavit show inexcusable negligence, they do not justify the conclusion that Lyons and plaintiff's attorney conspired to deceive the court and defraud the defendant. This feature elimin-

ated, the direct conflict between Lyons and the defendant remains. Neither gave oral testimony or was subjected to cross-examination in the circuit court. The motion to vacate was not addressed to the discretion of the trial judge. Matchett v. Liebig, supra. He was in no better position than are the judges of this court to ascertain the truth. Hence the conclusion of this court must be based on the judgment roll and affidavits as they appear in the record on this appeal, uninfluenced by the decision of the trial court or personal knowledge of the parties or witnesses.

[4] The issue is one which should have been presented by an action in equity, with its opportunities for cross-examination, impeachment, and other efficient means of testing the credibility of witnesses; but it was not so presented, and, because this court, upon the entire record before it, is unable to determine whether or not the summons was in fact served, the order appealed from must be reversed.