PIERCE–FORDYCE OIL ASS'N et al. v. STALEY. (No. 1063.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 22, 1916. On Motion for Rehearing, Jan. 3, 1917.)

1. PROCESS ☞149—RETURN—EVIDENCE.
    The return of service by a sheriff or a disinterested person, authorized by law to make it, is prima facie evidence of the material facts recited therein.
    [Ed. Note.—For other cases, see Process, Cent. Dig. §§ 202–205; Dec. Dig. ☞149.]

2. JUDGMENT ☞461(4)—EQUITABLE RELIEF—DEGREE OF PROOF REQUIRED—"CLEAR AND SATISFACTORY."
    Equity should not set aside a default judgment for lack of service of process upon defendant, except on clear, satisfactory, and convincing proof of lack of such service; "clear and satisfactory" evidence meaning that the nature of the case demands a closer scrutiny of the weight of evidence than in an ordinary controversy.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 895; Dec. Dig. ☞461(4).
    For other definitions, see Words and Phrases, First and Second Series, Clear Evidence or Proof.]

3. JUDGMENT ☞461(4)—EQUITABLE RELIEF—FAILURE TO SERVE DEFENDANT.
    In suit to set aside default judgment for want of service, evidence held not clear and convincing proof sufficient to impeach the constable's official act.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 895; Dec. Dig. ☞461(4).]

---

On Motion for Rehearing.

**4. COURTS ⟨⚖⟩89—RULES OF DECISION.**

The weight of precedents establishing a certain rule of evidence is not lessened by the fact that such precedents have changed the ordinary rule as to evidence and applied a more strict rule without any legislative enactment.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 311, 312; Dec. Dig. ⟨⚖⟩89.]

Appeal from District Court, Wilbarger County; J. A. Nabers, Judge.

Action by C. R. Staley against the Pierce-Fordyce Oil Association and others. From judgment for plaintiff, defendants appeal. Reversed and rendered.

J. Shirley Cook, J. E. Doran, and Harry Mason, all of Vernon, for appellants. Berry, Stokes & Morgan, of Vernon, for appellee.

HENDRICKS, J. On August 22, 1910, the appellant Pierce-Fordyce Oil Association obtained a judgment by default in one of the justice courts of Dallas county, Tex., against the appellee for the sum of $55.70, said judgment based upon a verified account. This judgment recited that the defendant Staley was duly cited, as required by law. The judgment does not seem to have been introduced in evidence, but is pleaded by the appellant Pierce-Fordyce Oil Association, and, as we interpret plaintiff Staley's supplemental petition, the same was not denied, but admitted.

In March, 1915, the sheriff of Wilbarger county, J. D. Key, levied an execution upon said judgment on certain automobile casings, but before the sale of the seized property the plaintiff Staley sought and obtained a temporary injunction from the district judge of that district, restraining the sale of said property, on the ground that he was never served with citation in the justice court suit in Dallas county, and did not owe the debt evidenced by said judgment to the appellant. At the regular term upon the merits, the jury, on the submission of special issues, found in favor of plaintiff on both questions upon which the district court perpetuated the injunction.

It is assigned that the testimony of Staley, contradicting the officer's return of service, is not sufficiently corroborated by other testimony, and it is argued that the evidence is not of that clear and satisfactory nature established by the decisions of this state as that said officer's return should be set aside.

The principal reliance by appellant is upon the case of Randall v. Collins, 58 Tex. 232, where it is said by Chief Justice Gould:

"* * * If equity will allow one who has been guilty of no fault or negligence to contradict the sheriff's return by parol evidence for the purpose of having an unjust judgment by default set aside, we are of opinion that it should require the evidence to be clear and satisfactory. It is not like an ordinary issue of fact to be determined by a mere preponderance of testimony."

Chief Justice Gould, citing the case of Driver v. Cobb, 1 Tenn. Ch. 490, further asserted that one witness alone would not suffice to successfully impeach the return of an officer upon a citation, but there should be two witnesses or one witness with strong corroborative circumstances. It was further said:

"* * * Upon general principles, it would seem essential to the peace and quiet of society that these solemn official acts should not be set aside with the same ease as an ordinary act in pais."

That part of the opinion, that evidence to set aside a judgment must clearly and satisfactorily contradict the sheriff's return, seems to be the general rule, without any opposing authority that we are able to find, in other jurisdictions. Matchett v. Liebig, 20 S. D. 171, 105 N. W. 171; Smoot v. Judd, 184 Mo. 545, 83 S. W. 493; Jensen v. Crevier, 33 Minn. 373, 23 N. W. 542; Huntington v. Crouter, 33 Or. 414, 54 Pac. 209, 72 Am. St. Rep. 729; Connell v. Galligher, 36 Neb. 760, 55 N. W. 233; Abraham v. Miller, 52 Or. 14, 95 Pac. 816. All those cases cite, and some of them quote, from the Texas case of Randall v. Collins, supra. The rule seems to be subsequently recognized by the following Texas authorities: Gatlin v. Dibrell, 74 Tex. 38, 11 S. W. 909; Wood v. Galveston, 76 Tex. 130, 13 S. W. 228; Land Co. v. Graham, 24 Tex. Civ. App. 528, 60 S. W. 476; Kempner v. Jordan, 7 Tex. Civ. App. 278, 279, 26 S. W. 871.

It is noted that the Supreme Court said, relative to the impeachment of the return of citation:

"It is not like an ordinary issue of fact, to be determined by a mere preponderance of testimony."

We admit, of course, that the obligation of the rule would not require uncontradicted proof, and, necessarily, it is hard to determine and enunciate just what quantum of proof would meet the rule so as to demonstrate an equitable application to a record except one of exclusion.

[1, 2] The case of Matchett v. Liebig, supra, quoting from the case of Bank v. Ridpath, 29 Wash. 687, 70 Pac. 139, states the rule in a form as follows:

"The return of service, either by a sheriff or by a disinterested person authorized by law to make it, is prima facie evidence of the material facts recited therein, and a court of equity should not set aside a judgment except upon clear, satisfactory, and convincing proof of lack of service of process by the person making it."

This character of proof, bounded by the strict rule mentioned, is placed "upon grounds of public policy."

That a fact must be shown by "clear and satisfactory" evidence means that the nature of the case demands a closer scrutiny of the weight of the evidence than in an ordinary controversy. Peterson v. Bauer's Estate, 76 Neb. 652, 107 N. W. 993, 111 N. W. 361, 362, 124 Am. St. Rep. 812. We of course assume that preponderance, which ordinarily

means the greater weight of the testimony, would still apply; and it is also the case that the slightest difference in the weight of the evidence in ordinary cases is a preponderance. But this case starting with the strong presumption founded on public policy, of the verity of an officer's return, illuminates the meaning of Chief Justice Gould that this was not like an "ordinary issue of fact determined by a mere preponderance." The preponderating evidence should be of a "clear and satisfactory" nature, and we think this record is in such a condition that it becomes a legal question.

There is no allegation or element of fraud in this case with reference to the judgment, or the service of citation, unless you say it is interposed by the denial of service, and that Staley did not owe the debt.

[3] We have repeatedly and carefully considered this record and think that such a verdict, and the judgment based thereupon, applying the rule, should not stand.

The appellee testified that he never purchased any of the character of supplies embodied in the affidavit upon which the judgment was predicated from the Pierce-Fordyce Oil Association, at any time nor for any purpose. Manis, the agent of appellant, at Vernon, Tex., though he did not have the records at hand, also positively testified that he sold to Staley $200 or $300 worth of supplies, and the account upon which the judgment was rendered was a balance which Staley failed to pay. He distinctly says that Staley made several payments on the running account at different times, the dates of which he could not remember, and that he presented the particular balance, and the appellee told him he could not pay, but would as soon as he got the money. This particular statement was not denied, unless it is considered to be inferentially contradicted by the testimony that Staley claimed to have never bought any goods from the Pierce-Fordyce Oil Association. If you admit Staley's testimony it means the fabrication of an account, with a verification thereto by the Pierce-Fordyce Oil Company or its agents, if you assume, as argued, that his denial of the debt is also relevant to the question of lack of service; and that an officer falsely and fraudulently made a return of service, of which there is no proof except the testimony of Staley, several years after the service, that he was not served. Homer Evans, the constable of Staley's precinct in Wilbarger county, though he had no independent recollection of the fact of personal service upon the defendant Staley, positively testified that it was his official signature to the return on the citation, and that, as constable, he personally served all papers. It is clearly deduced from his testimony that from those facts he knew that he served the writ and made the return thereupon; otherwise his signature thereto would not have been in existence. Without citing the authorities on evidence this is clearly original and probative testimony of the fact recited in the instrument.

Staley's testimony intended to convey the inference that prior to his purchase of the Buick Car No. 36, he did not own an automobile. The record as to the registration of the numbers affording information as to who were owners of automobiles in Wilbarger county, Tex., clearly contradicted such an impression manifestly intended to be conveyed and manifestly untrue. While this is a collateral circumstance, it bears upon the rule, in affecting the credibility of the plaintiff.

We have given due consideration to this man's testimony as to his ownership of a certain building and the time of its vacancy and its occupancy by the Brown Buggy Company, and of another witness that he never knew of Staley having been in the garage business, and the fact that the appellant was not very diligent in enforcing the judgment, but regard the circumstances as relevant to the question of lack of service, of very little, if any, probative strength. The denial of Staley that he was not served imports the conclusion that an officer (without a single suspicious circumstance, except the denial) fraudulently and falsely, without any service whatever, made a return, but who, upon every other consideration, was presumably impartial and unprejudiced in the pursuit of his duty. Such a record, upon considerations of public policy, is not "clear and satisfactory" proof of impeachment of such an official act.

Without further analysis of this record, we are convinced that the verdict and judgment are erroneous, and, as the case was probably developed, we reverse and render the judgment, with the order that Staley's petition for injunction be dismissed.

Reversed and rendered.

## On Motion for Rehearing.

[4] We cited the rule mentioned by Chief Justice Gould in Randall v. Collins, 58 Tex. 232, in regard to two witnesses, or one witness with corroboration, for the impeachment of a service of citation, but did not base the opinion in this case upon that part of the Supreme Court's opinion. A careful reading of the main opinion would make plain the real ruling in this case. In commenting on the two-witnesses rule, or one witness with corroborating circumstances, as to the proof necessary to overturn return of service of citation, appellant asserts that wherever the ordinary rule with reference to evidence has been changed and a more strict rule applied, it has been done so by legislative enactment. This is a mistaken view. Without going into a history of the law upon this subject, one notable exception in this state—and there have been others—is expressed by Justice Stayton as follows:

"In a long line of decisions by this court it has been established that the testimony of a single witness, testifying to the declarations of a deceased person, alleged to be a trustee, holding the legal title for another, is not sufficient to establish title to land in an alleged cestui que trust, in opposition to a deed which upon its face purports to convey the legal title to such alleged trustee; and this is a wholesome rule, having its foundation in a sound public policy." Grace, Adm'r, v. Hanks, 57 Tex. p. 15.

The motion is overruled.