Victor ROSALES, Appellant,

v.

Leopoldo MUNIZ, Jr., et al., Appellees.

No. 14636.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 22, 1967.

Rehearing Denied Dec. 27, 1967.

Glenn H. Ramey, F. R. Nye, Jr., Rio Grande City, for appellant.

A. J. Vale, Pope & Pope, Rio Grande City, for appellees.

BARROW, Chief Justice.

Appellant filed suit, being Cause No. 3783 in the District Court of Starr County, in the nature of a bill of review on March 14, 1967, to set aside and hold for naught part of a final decree of partition of Porcion 77, Mier Jurisdiction, Starr County, Texas, entered on October 11, 1966, in Cause No. 2373. Although the final decree in Cause No. 2373 involved about six thousand acres and several hundred parties, appellant sought to set aside only that part of the decree involving a described 41.06 acres of land, and brought suit against appellees, Leopoldo Muniz, Jr., and A. J. Vale, who were alleged to be the only parties claiming any interest in this particular tract. The decree was rendered by default as to appellant. Appellant alleged in this suit that he was not served with process and had a valid claim to this tract under the ten-year statute of limitations, Art. 5510, Vernon's Ann.Civ.St.

At the conclusion of a preliminary hearing on appellees' plea in bar and plea in abatement to Cause No. 3783, the trial court entered a take-nothing judgment and ordered this cause dismissed. In this judgment the trial court held that the bill of review was a collateral attack on the final decree in Cause No. 2373, and that this decree was res judicata to appellant's bill of review. The court also concluded that all of the original parties named in Cause No. 2373 were necessary parties to this bill of review.

At this preliminary hearing, appellees introduced certified copies of the Commissioners Report, the preliminary decree of partition, the final decree of partition and the sheriff's return showing service of citation upon appellant on September 16, 1959, in Cause No. 2373. These instruments were introduced for the purpose of appellees' plea in bar and were received over appellant's objection that this evidence was pertinent to the trial on the merits and not as a plea in bar. The trial court overruled appellant's objection, sustained appellees' plea to dismiss the case, and refused to permit appellant to offer evidence refuting the sheriff's return. By bill of exception, appellant was permitted to show that, if permitted, he would testify to lack of process and to his adverse possession of this land from 1929 until the final decree was entered in No. 2373.

■ The trial court erred in holding, on this preliminary hearing, that appellant's bill of review was a collateral attack on the final judgment in Cause No. 2373. In McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) the Supreme Court held that a bill of review filed in the proper court and against proper parties is one authorized method of making a direct attack on a judgment. It was there said: "Accordingly, we construe the emphasized provision of Rule 329-b to mean that when the time for filing a motion for new trial has expired and relief may not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. Into this category will fall those cases in which a default judgment is asserted to be void for want of service, or of valid service, of process." The final decree in Cause No. 2373 is not res judicata to appellant's bill of review.

Although the judgment of the trial court is obviously based on this erroneous action

in sustaining appellees' plea in bar, the trial court also concluded that all of the several hundred parties named in the preliminary and final decree of partition in Cause No. 2373 are necessary parties to this bill of review.

A somewhat similar question was presented the Supreme Court in Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260 (1961). There heirs of one of over 1,000 defendants filed an equitable bill of review seeking to recover one town lot and a 5-acre farm tract which was a part of the original suit in trespass to try title involving several thousand acres. The trial court sustained defendant's plea in abatement because of plaintiffs' failure to join all the other parties to the original action, although the original judgment had found that said parties asserted no title, claim or interest in the land claimed by plaintiffs. The Supreme Court first considered and held that a part of a judgment may be set aside as to some parties and left intact as to others. As to who were necessary parties, the Court said: "We regard the majority of the Texas cases as placing the emphasis upon whether all persons who would be or could be affected by the result are before the court rather than upon all those who were parties to the proceeding attacked whether they have any present interest to be protected or not. The result of those cases, cited above, is both sound and just. No reason appears for the necessity of joining those who have no interest in the result of the attack merely because they were parties to the original suit. Our conclusion is that only those persons who have a real, present interest in the judgment attacked are necessary for the attack to be direct." See also Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W.2d 891 (Tex.Sup.1966).

In our case the only parties shown to claim any present interest in the 41.06 acres which are the subject of appellant's bill of review, or whose interests may be directly or materially affected thereby, are the appellees, Muniz and Vale. The trial court erred in holding that all the original parties in Cause No. 2373 are necessary parties.

The judgment of the trial court is reversed and the cause remanded.