**Leopoldo MUNIZ, Jr., et al., Petitioners,**

**v.**

**Victor ROSALES, Respondent.**

**No. B–704.**

Supreme Court of Texas.

May 15, 1968.

The judgment in that case discloses that the court treated the 6016 acres of land contained in Porcion No. 77 of the Ancient Jurisdiction of Mier as being composed of two portions or parts. 3925.13 acres in the Porcion were decreed to be "segregated and divided parts and portions" of Porcion No. 77 while the remaining 2090.87 acres of land were adjudged to be held by various parties to the suit as tenants in common.

Upon the basis of separate and segregated ownerships, 31 tracts of land specifically described by metes and bounds were awarded to designated parties to the suit as owners thereof through "record title and under and through the five (5), ten (10) and twenty-five (25) year statutes of limitations." Judgment for the title and possession of one of these 31 tracts containing 213.18 acres described by metes and bounds was rendered in favor of Leopoldo Muniz, Jr. and A. J. Vale.

The second tract of 2090.87 acres of land was held to be susceptible of partition in kind and commissioners appointed to effect such partition. The court specifically excepted the 31 tracts aggregating 3925.13 acres from a partition.

It appears, therefore, that said cause No. 2373 was a combination trespass to try title and partition suit and that the specific tract awarded to Muniz and Vale was not allotted to them by way of partition but because they were adjudged to be the owners thereof and entitled to judgment for title and possession. The holding of Hunt v. Ramsey, 162 Tex. 133, 345 S.W.2d 260 (1961), therefore, is controlling as held by the Court of Civil Appeals, 422 S.W.2d 220, as the 41.06-acre tract claimed by Rosales lies within the boundaries of the Muniz-Vale 213.18-acre tract. The application for writ of error is Refused, No Reversible Error.

---

A. J. Vale, Pope & Pope, John A. Pope, III, Rio Grande City, for petitioners.

F. R. Nye, Jr., Glenn H. Ramey, Rio Grande City, for respondent.

PER CURIAM.

Petitioners urge that the judgment rendered in Francisco Escobar Garcia v. Servando Orta, et al, No. 2373 on the docket of the District Court of Starr County, was a decree of partition and hence all parties to said partition are necessary parties to the present suit. See Garza v. Kenedy, 299 S.W. 231 (Tex. Com. of Appeals, holding approved by the Supreme Court, 1927).