Leopoldo MUNIZ, Jr., et al., Appellants,

v.

Victor ROSALES, Appellee.

No. 15053.

Court of Civil Appeals of Texas, San Antonio.

July 26, 1972.

Pope & Pope, A. J. Vale, Rio Grande City, for appellants.

Glenn H. Ramey, F. R. Nye, Jr., Rio Grande City, for appellee.

CADENA, Justice.

Appellee, Victor Rosales, who will be referred to as plaintiff, filed this suit to set aside part of a final decree of partition or Porcion 77, Mier Jurisdiction, Starr County, rendered on October 11, 1966, in Cause No. 2373, alleging that he was not served with process in the partition suit and that he had acquired title by limitations to 41.06 acres of land located within Porcion 77. The only parties named as defendants in the litigation now before us are the appellants, Leopoldo Muniz, Jr., and A. J. Vale, to whom such 41.06 acres were awarded by the judgment in the partition suit. The partition suit involved about 6,000 acres and more than 600 parties, but plaintiff here alleges that defendants are the only persons claiming an interest in the 41.06 acres. The ultimate objective of plaintiff's suit was to recover title and possession of the 41.06 acres.

Defendants appeal from a judgment decreeing that plaintiff recover from them title and possession to the 41.06-acre tract.

We consider first defendants' contention that there is insufficient evidence to support the finding of the trial court to the effect that plaintiff was not served with citation in the partition suit.

Plaintiff was named as a party to the partition suit and a citation directed to him was issued. The officer's return shows that the citation was personally served on plaintiff. Roberto C. Pena, a deputy sheriff, signed the return, which shows personal service on plaintiff was made on September 16, 1959, almost 12 years prior to the trial of the case which is now before us. Pena testified that he had no recollection of having served process on plaintiff, but added, "Well, I am going to go on the return if I put on here that I served Victor Rosales, I sure did."

Plaintiff, who has been totally blind since 1953, testified categorically that he was not served with citation in the partition suit. He testified that he had known Roberto Pena, the officer who signed the return, since the latter was "a small boy." Plaintiff further testified that, because of his blindness, all of his "paper work" is handled by his daughter, Josefa Escovar, who, with her husband, Benjamin Escovar, lives with plaintiff. Josefa Escovar testified that she had been living with, and caring for, her father, the plaintiff, since he became blind in 1953. Plaintiff is unable to handle his "business" and she and her husband have taken care of plaintiff's business for him. She never saw any "papers around the house" pertaining to the partition suit, nor did she see the sheriff or any deputy serve "any papers" on her father. Plaintiff never told her that he had been served with any such "papers." The evidence discloses that the citations and accompanying documents were bulky enough to be considered a "small book."

Benjamin Escovar testified that he and his wife, Josefa, lived in the same house with plaintiff since 1953, including all of the year 1959. Mrs. Escovar is with plaintiff at all times, except when she goes out on an errand. Mr. Escovar never saw deputy sheriff Pena, whom he had known since 1950, at plaintiff's home. He never saw anyone serve any papers on plaintiff, and plaintiff never mentioned being served with any process.

Plaintiff's son, Jose Rosales, testified that he had lived with his father since 1953. He never saw any papers pertaining to the partition suit around the house; his father never mentioned that he had been served with any papers in connection with the partition suit; and the witness never saw Roberto Pena, whom he knows, around plaintiff's house.

There is testimony to the effect that, since he lost his eyesight in 1953, plaintiff "stays around the house."

■ Appellants correctly point out that an officer's return on a citation creates a presumption of service upon the person named, and that such presumption may not be rebutted merely by the uncorroborated testimony of the person named in the return as having been served. Such impeaching evidence must be corroborated, and there are numerous statements to the effect that to overthrow the recitals in the officer's return the controverting evidence must be clear, satisfactory and convincing. 46 Tex.Jur.2d, Process and Notices, Secs. 87–89, pp. 415–20. Unfortunately, "it is hard to determine and enunciate just what quantum of proof" is required. Pierce-Fordyce Oil Ass'n v. Staley, 190 S.W. 814 (Tex.Civ.App.—Amarillo 1917, no writ).

■ It is not required that the corroborating testimony be direct. It may be wholly circumstantial. In practical effect, the "clear and convincing" rule is ". . . but an admonition to the judge to exercise great caution in weighing the evidence." Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209 (1950).

■ The testimony of plaintiff's daughter, son and son-in-law constitute strong enough corroborating evidence of plaintiff's testimony concerning lack of service. Wright v. Austin, 175 S.W.2d 281 (Tex. Civ.App.—Fort Worth 1943, writ ref'd w. o. m.); Harrison v. Sharpe, 210 S.W. 731 (Tex.Civ.App.—Amarillo 1919, writ ref'd).

Appellants next raise the question of lack of necessary parties. They urge,

first, that all of the persons who were parties to the original partition suit are necessary parties to this case. The question was considered by this Court in a prior appeal of this case and decided adversely to appellants. Rosales v. Muniz, 422 S.W.2d 220 [Tex.Civ.App., 1967, writ ref'd n. r. e., sub nom. Muniz v. Rosales, 428 S.W.2d 809 (Tex.1968)].

 The next claimed defect in parties is based on the fact that Robert S. Martin, lessee under an oil and gas lease executed by appellants, and Luther E. Jones, Jr., to whom appellants conveyed a 1/32 participating royalty in the land, have not been made parties to this litigation. Neither Martin nor Jones can be classified as an indispensable party to this suit under Rule 39, Texas Rules of Civil Procedure. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569 (1941); Cowan v. Mason, 428 S.W.2d 96 (Tex.Civ. App.—Amarillo 1968, no writ); Magnolia Petroleum Co. v. Storm, 239 S.W.2d 437 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.).

Finally, appellants contend that there is no evidence, or, in the alternative, insufficient evidence, to support the finding that plaintiff had perfected a limitations title to the land in question. In this connection, appellants do not question the fact of plaintiff's possession or of his adverse claim. Their challenge to the finding is based solely on the assertion that plaintiff was a cotenant of the land in question, and that there is no evidence to show that notice of his adverse claim was ever brought home to plaintiff's cotenants. The record discloses that plaintiff's possession began in 1929, and there is nothing in the record to suggest that, at that time, plaintiff had any interest whatever in the land. If he became a cotenant with other claimants of Porcion 77, that occurred at the death of plaintiff's father in 1955, by which time plaintiff had been in possession for more than 25 years. Further, as the Supreme Court pointed out on the prior appeal of this case, the specific tract awarded to appellants in the partition suit was not awarded to them by way of partition. In that suit the land involved here was described as a part consisting of almost 4,000 acres decreed to be "separated and divided parts and portions" of Porcion 77 which was expressly excepted from the partition. The land involved in this case, therefore, was awarded to appellants as the separate owners thereof through record title and adverse possession, and not as a result of their status as cotenants entitled to partition. Muniz v. Rosales, 428 S.W.2d 809, 810 (Tex.1968).

The judgment of the trial court is affirmed.