*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00847-CV

Diana **GRUENSTEINER**,
Appellant

v.

**COTULLA INDEPENDENT SCHOOL DISTRICT**,
City of Cotulla, and La Salle County, Texas,
Appellees

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 06-07-00059-CVL
Honorable Stella Saxon, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

This is an appeal from the trial court's summary judgment rendered in favor of the appellees,

Cotulla Independent School District, City of Cotulla, and La Salle County, Texas (collectively,

"Cotulla ISD"). In two issues on appeal, appellant asserts the trial court erred in rendering summary

judgment because her response to the motion for summary judgment raised genuine issues of

material fact sufficient to defeat Cotulla ISD's entitlement to summary judgment and the judgment does not dispose of all parties to the underlying suit. We affirm.

## BACKGROUND

In October 1999, Cotulla ISD obtained a default judgment against appellant following the commencement of a suit in which Cotulla ISD sought to collect delinquent taxes on appellant's real property. In July 2006, appellant filed a petition for bill of review in which she asserted the default judgment was improper for several reasons, including that she was not served with notice of the suit and she was not notified that a judgment had been rendered against her. Appellant contended she did not become aware that her home had been sold at a foreclosure sale until the purchaser, Luis Allala, sent her a notice to vacate the property in the Fall of 2005. In her petition for bill of review, appellant named Cotulla ISD and Allala as defendants. Although all defendants answered the suit, only Cotulla ISD moved for summary judgment. The trial court granted the motion for summary judgment, stating the judgment was final and disposed of all claims and all parties. This appeal ensued.

## DISCUSSION

In her first issue, appellant challenges Cotulla ISD's entitlement to summary judgment on a single ground: that she "was never personally served with citation or notice of the 1999 tax suit involving her property." In support of its motion for summary judgment on the grounds that appellant was properly served with citation in the underlying tax suit, Cotulla ISD attached a copy of the citation, which states citation was served upon appellant on June 15, 1995 at 7:35 p.m. In appellant's response to the motion, she attached her affidavit in which she stated she "was never

personally served with Citation" in the tax suit. Appellant offered no other summary judgment proof in support of her contention that she was not served with citation. An officer's return on a citation creates a presumption of service upon the person named, and such presumption may not be rebutted merely by the uncorroborated testimony of the person named in the return as having been served. *Garza v. Attorney General*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi 2005, no pet.); *West Columbia Nat'l Bank v. Griffith*, 902 S.W.2d 201, 206 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Muniz v. Rosales*, 483 S.W.2d 861, 863 (Tex. Civ. App.—San Antonio 1972, no writ). Because appellant's uncorroborated statement that she did not receive service of citation was insufficient to rebut the recitations in the return of service, appellant did not raise a genuine issue of material fact on the issue of service.

Also, when, as here, a movant asserts multiple grounds for summary judgment, and the order, as here, does not state the theory upon which the trial court based its decision, the non-movant on appeal must negate any grounds on which the trial court could have rendered summary judgment. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Villanueva v. Gonzalez*, 123 S.W.3d 461, 464 (Tex. App.—San Antonio 2003, no pet.). Otherwise, we will affirm the summary judgment if any one of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Here, Cotulla ISD moved for summary judgment on the grounds that appellant's petition for bill of review was not timely filed, appellant's due process rights were not violated because she was properly served in the underlying tax suit, and appellant did not meet the requirements necessary to show her entitlement to a bill of review. On appeal, appellant challenges the propriety of the summary judgment only on the grounds that she "was never personally served

with citation or notice of the 1999 tax suit involving her property." Because appellant did not challenge all the grounds on which the trial court could have rendered summary judgment, we must affirm the judgment.

Appellant also contends the summary judgment is not final because it did not dispose of her claims against Allala. We disagree. The only relief under consideration in a bill of review proceeding is whether the petitioner is entitled to set aside a prior judgment. Any one of the grounds upon which the trial court could have rendered summary judgment – appellant's failure to timely file her petition for bill of review, her failure to establish lack of notice, and her failure to establish any of the three elements of the bill of review – conclusively disposed of appellant's petition for bill of review. Therefore, the summary judgment disposed of appellant's single claim against all defendants: that she was entitled to have the default judgment against her set aside. Accordingly, the summary judgment was final as to all parties and claims.

We overrule appellant's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice