ILLINOIS STEEL COMPANY, Respondent vs. DETTLAFF and wife, Appellants.

*December 19, 1902—January 13, 1903.*

*Service of summons: Sheriff's return: Impeachment: Evidence.*

1. Where the sheriff's return on a summons certifies that one defendant could not be found, but that the sheriff served the summons on such defendant by delivering a true copy to his wife, a person of suitable age and discretion, etc., and also that he served the same personally on the wife by delivery of a copy, such proof of service is not overcome by affidavits of such defendant and his wife, made five years thereafter, that such service was not made, when it further appears that such defendant had made two prior affidavits entitled in the action, stating that he was a defendant therein, and asking in one for a substitution of attorneys, and in the other for leave to file an amended answer.

2. Where the sheriff's return upon a summons shows a legal service thereof upon the defendant, upon motion to set aside the service and vacate judgment entered in the action, the showing that no service was ever made must be *"most satisfactory."*

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action of ejectment, brought by the plaintiff to recover possession of a lot upon what is known as "Jones' Island," in the city of Milwaukee. It was commenced in September, 1897, at about the same time with a large number of other suits of the same nature by the same plaintiff against other persons living on the "island." The sheriff's return upon the summons is to the effect that *Andrew Dettlaff* could not be found, but that he served the same on said *Andrew* by delivering a true copy to —— *Dettlaff,* his wife, a person of suitable age and discretion, etc., and that he also served the same personally on said wife by delivery of a copy on the 10th day of September, 1897. In most, if not all, of the other actions of a like nature, answers were served by Mr. Rublee A. Cole, but in this action no appearance was made nor answer served by any one, and on the 4th day of November, 1897, judgment for the plaintiff was rendered by default. The remaining actions remained at issue without trial until February, 1899, when the various defendants, upon their own affidavits, obtained orders to show cause why Fiebing & Killilea should not be substituted as attorneys in place of Mr. Cole in the respective actions. In April, 1900, the defendants also obtained orders to show cause why they should not each be permitted to serve an amended answer setting up the statute of limitations as a defense. Each of these applications was made separately, and properly entitled in the several individual actions, but all were brought on for hearing at the same time. The defendant *Andrew Dettlaff* made an affidavit in support of each application, each of which was properly entitled in this case, and in each of which he swore that he was "one of the defendants in the above-entitled action," and also stated in the latter affidavit reasons why he should be granted the privilege of amending his answer. Upon the hearing it appears that the court's attention was called to the fact

that judgment had already been entered in this action, and the court declined to make any order in this action as was done in the other actions, but an entry was made by the clerk in his minute book to the effect that in the case of the *Illinois Steel Company* against Adrian and over "one hundred motions of the same kind" defendants' motions to amend their answers were heard and granted, the proposed amendments having been heretofore served and filed. The defendants' proposed answer was served on plaintiff's attorney April 13, 1900, and service admitted, and all the papers were filed. The defendants remained in possession of the premises, and thus the record stood until May, 1902, when the plaintiff desired the issuance of a writ of assistance in this action to put the plaintiff in possession, but could not obtain it from the clerk on account of the presence of the answer upon the files. Thereupon affidavit was made on the plaintiff's behalf showing the facts, and that no order was in fact made in this case, and asking that defendants show cause why the answer should not be stricken from the files, and a writ of restitution issued. Upon the hearing of this motion the defendants appeared, and the defendant *Andrew* filed his affidavit denying that any service of summons had ever been made on him, or that he had any knowledge of the entry of any judgment or the service of a summons therein, that he had been in adverse possession of the premises more than thirty years prior to September 10, 1897, and concluding with an affidavit of merits, but not denying or explaining his previous affidavits and motions. *Juliana,* his wife, also filed her affidavit, denying that the summons or complaint was ever served upon her. Upon these affidavits the defendants asked that the pretended service of the summons be set aside, and the judgment in the action vacated. Upon the hearing of the plaintiff's motion the defendants' application to vacate the judgment was denied, and the plaintiff's motion to strike out the amended answer was granted,

and the clerk was directed to issue execution as prayed by the plaintiff, and the defendants appealed.

For the appellants there was a brief by *Fiebing & Killilea* and *M. C. Krause,* and oral argument by *O. J. Fiebing.*

For the respondent the cause was submitted on the brief of *Van Dyke & Van Dyke & Carter.*

Winslow, J.     The sheriff's return upon the summons showed a legal service thereof upon the defendants.   An affidavit of default was properly made, and hence the judgment by default in November, 1897, was duly rendered.   If in fact the summons never was served upon the defendants, that fact may be shown by motion in the action; and, if that motion be made in due time and upon sufficient proofs, the judgment may be set aside.   Upon such a motion, however, the showing that no service was ever made must be "most satisfactory," in order to overcome the officer's return of service and justify the vacation of the judgment.   *Carr v. Commercial Bank,* 16 Wis. 52; *Toepfer v. Lampert,* 102 Wis. 465, 78 N. W. 779. We cannot say that such a showing was made here.   Granting that the affidavits of the defendants, standing alone, may be sufficient for that purpose, there are in the present case facts unexplained which tend to throw great doubt upon the statements, and to support the officer's return.   These facts are the making and filing of the affidavits by *Andrew Dettlaff* in February, 1899, and April, 1900, in which he states that he is "one of the defendants in this action."   These are certainly very persuasive indirect admissions by him that an action had been commenced against him to his knowledge, and the summons served upon him; and the significance of the admissions is not affected by the fact that the motions were made under a mistaken idea as to the condition of the action, or by the fact that the motion was denied.   These admissions are entirely sufficient to justify the court in refusing to set aside the service of the summons and vacate the judgment.   They strongly cor-

roborate the officer's return, and render the affidavits denying service unsatisfactory evidence. If, as we must hold, the proofs show that due service was in fact made, then the order of the trial court was plainly right,—no sufficient showing to excuse the default was made.

*By the Court.*—Order affirmed.