MINNEAPOLIS THRESHING MACHINE COMPANY, Appellant, vs. ASHAUER and others, Respondents.

*April 8—April 26, 1910.*

*Judgments: Jurisdiction: Collateral attack: Foreign corporations: Service of summons on "agent:" Proof of service: Appeal: Affirmance.*

1. Where a judgment is attacked years after its rendition and after the party attacking it had knowledge of it, every reasonable intendment should be made in favor of the jurisdiction.
2. The adjudication by the court, in such case, that it had jurisdiction is of strong *prima facie* effect, and the evidence of service of summons which the court had before it is entitled to most liberal construction in favor of the conclusion reached by the court.
3. The acquirement of jurisdiction over the person of a foreign corporation as authorized by subd. 13, sec. 2637, Stats. (1898), by service of summons and notice of object of action by delivering copies thereof "to any agent having charge of or conducting any business therefor in this state," constitutes due process of law.
4. The word "agent" in such section is to be construed broadly and liberally.
5. A sheriff's return showing service upon a foreign corporation by leaving copies of the summons and notice of action at an office maintained by the corporation in this state with the person in charge of such office, sufficiently shows the existence of the facts necessary to confer jurisdiction, especially where upon a subsequent collateral attack by the corporation upon the judg-

ment rendered against it no evidence is offered in contradiction of the facts stated in such return or the natural inferences therefrom.

6. If the facts necessary to confer jurisdiction actually existed jurisdiction was acquired, however imperfect the evidence of those facts then before the court; and although the record fails to show jurisdiction the necessary facts may be proved in the action in which the judgment is attacked.

7. Where a judgment of the lower court is correct it should be affirmed irrespective of the grounds on which it was predicated.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

On May 3, 1894, one George Binder was the owner of the premises involved, and had within two years theretofore made three certain mortgages thereon in the following order: one for $1,000 to Sieben; one for $1,770 to John Binder; and one for $1,427 to this plaintiff. At said date suit was commenced by Sieben to foreclose her mortgage, naming as defendants both John Binder and the plaintiff, together with George Binder and other defendants not now material. The summons was attempted to be served on all of the defendants in that action, including the plaintiff in this, a foreign corporation having its principal offices in Minneapolis, Minnesota, as to whom the sheriff's return showed service as follows:

"By serving the same on Henry Hardgrove, its managing agent for the state of Wisconsin, in its office in the city of Fond du Lac, by then and there leaving in the office of said company true copies thereof, in the presence of Richard McRoy, who was then and there in charge of said office, and who was then and there a person of suitable age and discretion, to whom the contents thereof were explained."

All defendants defaulted in that action and judgment of foreclosure was entered therein June 30, 1904, reciting due and personal service upon all of the defendants. On September 9, 1895, the mortgaged premises were sold by the sheriff in pursuance of the judgment to Peter Ashauer for

$2,175, a sheriff's deed in ordinary form made, a report filed, together with a sum of surplus money, and the report of sale duly confirmed by order of the court, whereupon, on the 26th of September, 1895, Mary Binder, as holder of the second mortgage, made application for payment to her of the surplus money. Notice of such motion was served by mail upon the plaintiff in this action on September 26, 1895, and the surplus money was ordered paid to Mary Binder.

Since the sheriff's deed Peter Ashauer has occupied and improved the premises, and plaintiff has done no act suggestive of a purpose to claim any rights in said real estate. It has collected a part of its mortgage debt from the debtor, George Binder, but not all. The present action is an ordinary statutory one for foreclosure, alleging merely that Ashauer and his wife claim some interest or lien, which interest or lien, if any, is subsequent to the lien of plaintiff's mortgage and subordinate and subject thereto. The trial court, finding substantially the above facts, decided that Ashauer's title had become complete by lapse of time and that plaintiff, by reason thereof and of its laches, could not maintain this action, and rendered judgment dismissing the complaint, from which the plaintiff appeals.

For the appellant there was a brief signed by *Gerrit T. Thorn,* attorney, and *H. I. Weed,* of counsel, and oral argument by *Mr. Thorn.*

For the respondents the administratrix and minor heirs of Peter Ashauer, deceased, there was a brief by *Wigman, Martin & Martin,* and oral argument by *J. H. M. Wigman.*

DODGE, J. Any right of plaintiff to maintain this action is dependent on its contention that it never became personally subject to the jurisdiction of the court in the former foreclosure action where it was named as defendant. In case of a collateral attack upon so solemn a record as this judgment, made years after its rendition and after it is obvious that the

party seeking to attack it had knowledge of it, every reasonable intendment should be made in favor of the jurisdiction so assumed and exercised. The very adjudication by the court that it had jurisdiction is of strong *prima facie* effect, and only by clear negation of the facts necessary to confer jurisdiction should it be ignored. Of course, if the record itself discloses that the sole and only evidence of service which the court had before it negatives the jurisdiction, then no adjudication by the court is conclusive, but the evidence of such service is entitled to most liberal construction in favor of the conclusion reached by the court in its judgment in case of collateral attack. *Miller v. Brenham,* 68 N. Y. 83; *Ill. S. Co. v. Dettlaff,* 116 Wis. 319, 93 N. W. 14. In the Sieben foreclosure case this foreign corporation was claimant of a lien upon property in Wisconsin, and for the purposes of barring and foreclosing that lien the court of course had full jurisdiction of the subject matter and might obtain jurisdiction of the person by any means prescribed by our statutes consistent with due process of law. *Moyer v. Koontz,* 103 Wis. 22, 79 N. W. 50; *Pennoyer v. Neff,* 95 U. S. 714; *Fond du Lac C. & B. Co. v. Henningsen P. Co.* 141 Wis. 70, 123 N. W. 641. At that time, as now, our statute authorized the acquirement of jurisdiction over the person of a foreign corporation such as this by service of summons and notice of object of action, by delivering copies thereof "to any agent having charge of or conducting any business therefor in this state." Subd. 11, sec. 2637, S. & B. Ann. Stats. (1889); subd. 13, sec. 2637, Stats. (1898). This satisfies due process of law. *Fond du Lac C. & B. Co. v. Henningsen P. Co., supra.* That the word "agent" is to be construed broadly and liberally is evinced by the context. It is used in contradistinction to the words "chief officer," "vice-president," "secretary," "cashier," "treasurer," "director," or "managing agent." Further than this, the same section indicates a policy of broad liberality in enabling personal jurisdiction over foreign corpora-

tions where the subject matter is properly within the jurisdiction of our courts.    For example, railroads may be reached by service upon any station, freight, or ticket agent; sleeping or hotel car companies, by service upon any person having charge of car.    Subd. 6, 7, 8, sec. 2637, S. & B. Ann. Stats.

Such being the law, the evidence of service before the court in the former foreclosure action was, as stated, the leaving of summons and notice of object of action at the office of the company maintained at Fond du Lac with the person in charge of said office.    By clear implication this return contains an assertion that the threshing machine company did maintain an office at Fond du Lac, which we can have no doubt is "business" within the meaning of the section above quoted.    It also declares that the person with whom the summons was left did "have charge of said office," which by obvious implication asserts that he had charge of such business. Thus we think that by fair judicial construction the facts necessary to confer jurisdiction were shown to exist, especially when, as here, said foreign corporation, being present, offered no evidence in contradiction of either the facts stated or the natural inferences therefrom.    If the maintenance of the office was not of such a character as to constitute business in this state, or if the relation of McRoy, the person served, thereto was not such as to constitute him an agent in charge of business, those facts were entirely within the knowledge of this appellant, and its failure to make any contradiction was itself a fact from which might have been inferred their existence.    If the facts necessary to confer jurisdiction did exist, jurisdiction was acquired, however imperfect the evidence of those facts before the court in the Sieben case. *Schmidt v. Stolowski,* 126 Wis. 55, 61, 105 N. W. 44; *Zahorka v. Geith,* 129 Wis. 498, 504, 109 N. W. 552.    Hence, although that record had failed to disclose jurisdiction, yet if the facts were proved in this action the judgment in the former was equally conclusive on the merits.

We are satisfied that the record upon this appeal does disclose affirmatively jurisdiction over the person of this plaintiff in the former foreclosure action and the consequent bar of all appellant's rights in the mortgaged premises, so that judgment dismissing its complaint was correct and should be affirmed irrespective of the grounds upon which such action was predicated by the trial court.

*By the Court.*—Judgment affirmed.