PEPLINSKY, Appellant, vs. BILLINGS and others, Respondents.

*December 7, 1933—January 9, 1934.*

654

For the appellant there were briefs by *Schlabach & Steele,* attorneys, and *Brody & Crosby* of counsel, all of La Crosse, and oral argument by *Lawrence W. Brody.*

For the respondents Billings, Fess, and Employers Mutual Liability Insurance Company there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee.*

For the respondent Seibel there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *Stanley G. Gordon.*

ROSENBERRY, C. J.  The sole question raised upon this appeal is whether or not the trial court was in error in directing a verdict as to the defendants Fess and Billings. This raises the question of the validity of the release and covenant not to sue.  By ch. 314 of the Laws of 1907, attorneys were given a lien upon the proceeds or damages derived in any action brought for the enforcement of a right sounding in tort for unliquidated damages.  This chapter became secs. 256.36 and 256.37, Stats.  These provisions were supplemented by ch. 480 of the Laws of 1911, which became sec. 256.38, Stats., which is as follows so far as material here:

*"Consent of attorney and settlement of actions for personal injuries.*  No settlement or adjustment of any action which shall have been commenced to recover damages for any personal injury . . . in which an attorney shall have appeared for the person or persons having or claiming a

right of action for such injury . . . shall be valid unless consented to in writing by such attorney or by an order of the court in which said action is brought approving of such settlement or adjustment."

The defendant Billings was taken into custody and detained for a period of time pursuant to the direction of R. M. Schlabach, district attorney for La Crosse county. On June 10, 1932, a summons was issued in the name of Schlabach & Steele as attorneys for the plaintiff in which Ellsworth Belling, Harry Seibel, Fess Motor Sales, a corporation, and Employers Mutual Liability Insurance Company were named defendants. No complaint was served with this summons, and proof of service attached to the summons shows it to have been served June 11, 1932, upon the identical persons therein named as defendants. On June 18, 1932, a notice of appearance on behalf of the Employers Mutual Liability Insurance Company, coupled with a demand for a complaint, was served upon Schlabach & Steele by its attorneys, Higbee & Higbee. Service of this notice and demand was admitted by Schlabach & Steele. The summons was not filed. On February 24, 1933, Messrs. Brody & Crosby caused the summons theretofore issued by Schlabach & Steele to be filed, and on that day served what purported to be an amended summons, signed by Schlabach & Steele, attorneys for plaintiff, Brody & Crosby of counsel, 202 Security Bank Building, La Crosse, Wisconsin. Attached to the so-called amended summons was a complaint entitled "Original," verified February 23, 1933, and labeled "Amended Summons and Complaint." In this summons the following were named defendants: Ellsworth Billings, Harry Seibel, Fess Motor Sales, a corporation, Employers Mutual Liability Insurance Company, an insurance corporation, and Hartford Accident & Indemnity Company, an insurance corporation. Proof of service attached to this summons and complaint show service there-

of on February 24, 1933, upon the identical persons therein named as defendants. On March 1, 1933, Messrs. Brody & Crosby served upon Higbee & Higbee, as attorneys for the Employers Mutual Liability Insurance Company, and upon Hartford Accident & Indemnity Company, Ellsworth Billings, and Fess Motor Sales, an amended summons signed by Schlabach & Steele, attorneys for plaintiff, Brody & Crosby of counsel, 202 Security Bank Bldg., La Crosse, Wisconsin, accompanied by a complaint verified February 28, 1933, in which summons the defendants were designated as follows: Ellsworth Billings, Harry Seibel, J. R. Fess, an individual doing business as the Fess Motor Sales, Employers Mutual Liability Insurance Company, an insurance corporation, and the Hartford Accident & Indemnity Company, an insurance corporation, being identical except as to title, date of verification, and parties defendant with the summons and complaint which had been served on February 24th.

On April 27, 1933, Brody & Crosby, as plaintiff's attorneys, filed a motion for leave to further amend the complaint, which motion was signed by Brody & Crosby, plaintiff's attorneys. The trial was commenced April 27, 1933. In this connection it should be noted that J. R. Fess was doing business as the Fess Motor Sales. There was a Fess Motor Sales, a corporation of which Fess had formerly been a member, which corporation has no connection with this controversy. By fair inference it appears that the person known as Ellsworth Billings was in fact the same person who was described in the first summons as Ellsworth Belling. The facts in respect to the settlement appear to be substantially as follows: Upon the trial the plaintiff and his wife testified that they had consulted Mr. Schlabach only in his official capacity as district attorney prior to the time that negotiations for settlement were opened; that Messrs. Schlabach and Steele had not been employed to

represent them in any civil proceedings and that they did not know of or countenance the issuance of the summons served under date of June 10, 1932. Their testimony in this regard was not disputed although Mr. Schlabach was in court. Negotiations for the settlement of the claim were opened at the solicitation of the plaintiff, who asked a Mr. Kaatz, a representative of the Employers Mutual Indemnity Insurance Company, to take the matter up. It appears from the evidence that Mr. Kaatz was in La Crosse on April 22, 1932, at which time he took a statement from the driver of the car, Ellsworth Billings. He returned on May 7th and made a more thorough investigation. On May 19th he was again in La Crosse, talked with Doctor Gatterdam, plaintiff's physician, and called on the plaintiff at the hospital. When he was in La Crosse on May 19th, Kaatz knew that a summons had been served upon Mr. Fess of the Fess Motor Sales. Upon Peplinsky and his wife informing Kaatz that they had not authorized the commencement of the suit, he asked them to write a letter to that effect, and under date of July 23, 1932, Peplinsky directed his wife to write the letter and sign his name. It was as follows:

"Am writing in regard to the Insurance. I did not represent no lawyer or dont intend to unless we cant come to an agreement between ourselves. I hope we can settle it out of court."

Under date of September 1, 1932, they wrote Kaatz the following letter in the same way:

"I wrote to you in regard to the Insurance some time ago but did not get no answer. The Hospital and nurses want their money if I dont hear from you soon I will haf to represent an Attorney so let me hear from you at once."

Kaatz had informed plaintiff and his wife that he would not pay the whole damage because in his opinion the defendants Seibel and Billings were jointly liable and, as he

expressed it, "the insurance carrier for Seibel should kick in." There were negotiations, the plaintiff and his wife at first asked for $2,500 in addition to the hospital and medical bills. They claim that Kaatz offered them $500. There were further negotiations and the plaintiff finally agreed to accept $2,010.80, being the medical and hospital bills and $1,000. Thereupon, under date of September 9, 1932, the plaintiff, in the presence of his wife and another witness, executed a release and covenant not to sue, the sufficiency of which, if it is not void under the statute or procured by fraud, is not questioned by the plaintiff. The sum was paid, the plaintiff applying a part of it upon his hospital bills, expended a part of the remainder, was unable to make tender under his claim of rescission, and offered to give a mortgage to secure the repayment to the plaintiff.

The accident occurred on April 8, 1932; negotiations for settlement were begun in May. The first summons was served June 10, 1932, and the first letter of the plaintiff denying that he had employed a lawyer, was written July 23, 1932. The summons which was issued on June 10th did not name J. R. Fess as a defendant. It described Ellsworth Billings as Ellsworth Belling. The driver of the car was described as Belling in the summons and as Belling in the release and covenant not to sue. The Employers Mutual Liability Insurance Company was never the insurance carrier of Fess and upon the trial the case was dismissed as to it. The name of his insurance carrier was Employers Mutual Indemnity Corporation. We have presented therefore the question, Did the issuance of the summons, dated June 10, 1932, in the form in which it was issued and served, suspend the right of the plaintiff to make a valid settlement with Billings, Fess, and the Employers Mutual Indemnity Corporation unless the settlement were approved by plaintiff's attorneys or by the court? It must be taken as an undisputed fact that up to the time of the settlement the plaintiff had not

authorized the firm of Schlabach & Steele to begin a civil action. The testimony of plaintiff and his wife to that effect stands uncontradicted. The statute says, "No settlement or adjustment of any action . . . shall be valid," etc. The statute defines an action as an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, etc. The right that the plaintiff claimed was a right to damages for the injuries inflicted upon him by the defendant Billings. The misnomer, by virtue of which Billings was designated as Belling in the first summons, must in our opinion be disregarded for the reason that all parties to the controversy knew that Billings and Belling were one and the same person. The amendment of the summons in that respect was a mere matter of form. No one ever up to this moment has claimed that there was any such person as Ellsworth Belling. It appears he was known to nearly every one by a nickname, as a consequence of which it may be supposed that the misnomer arose. As a result, there was an action pending for personal injuries, at least against Billings, and although he is described in the release and covenant not to sue as Belling, the person who in fact was released was the person who drove the car on April 8th, so as to the defendant Billings the release must be held to be void if the statute applies and the action was in fact begun. At no time prior to the service of the summons on March 1, 1933, was J. R. Fess as individual a party to any action. As to him the misnomer cannot be disregarded because there was in fact a Fess Motor Sales Corporation.

We shall now consider whether sec. 256.38 prevented the plaintiff from making a valid adjustment so far as Fess is concerned. If any cause of action whatever existed against Fess, it was on account of his liability for the act of his employee Billings. The release and covenant not to sue by its terms releases Fess from any damage to the

person or property of the plaintiff resulting or which may be claimed to result "from collision between myself (plaintiff) and an automobile driven by Ellsworth Belling," etc. By the release and covenant the plaintiff further agreed to protect and indemnify Billings and James R. Fess from any damage by way of contribution or indemnity, and further covenanted that if a judgment should be obtained against any other person or persons for more money than the receipt of which was acknowledged, plaintiff agreed to partially release any such judgment or recovery to the amount of the equitable share thereof. If the release and covenant was procured without fraud, we perceive no reason why the defendant Fess did not have a right to buy his peace as there was at the time of settlement on September 9th no action pending against him.

Upon the question of fraud, it is considered that the trial court correctly held on motions to direct a verdict and upon motions after verdict that the settlement was not tainted by fraud. As already stated, it appears without dispute that the plaintiff first suggested the matter of a settlement to the representative of the Indemnity Company; that the amount named by the plaintiff was $2,500; that the representative of the Indemnity Company considered that, if liable at all, they were liable jointly with others. The trial court was also of the view that the amount paid on the settlement was not grossly disproportionate to the damages sustained by the plaintiff. We have examined the record and find that the determination of the trial court that no fraud was practiced upon the plaintiff or his wife is well supported by the evidence.

We come now to a question which presents some difficulty. In the briefs and upon the argument here it was contended on behalf of the plaintiff that a summons having been served, signed by Schlabach & Steele, Attorneys at Law, their authority to appear as attorneys for the plaintiff

is to be presumed; that if the presumption is to be over-
come it can only be upon motion to set aside the service
of the summons, as indicated in *Reinkey v. Wilkins,* 172
Wis. 515, 179 N. W. 751. On behalf of the defendant
Billings testimony was offered upon the trial with regard
to the authority of Messrs. Schlabach & Steele to appear
for the plaintiff, not for the purpose of abating the action
as to Billings but for the purpose of showing that the
settlement made on September 9th was valid. In *Reinkey
v. Wilkins* it was sought to evade the effect of a judgment
rendered which would otherwise have been *res adjudicata*
upon the ground that the plaintiff in that action had not
authorized its commencement. The situations are entirely
different and are controlled by widely different considera-
tions. The settlement in this case was pleaded as a bar to
the action. When the plaintiff established the fact that a
summons had been served upon Billings, properly signed
by Messrs. Schlabach & Steele, Attorneys at Law, the
plaintiff established a *prima facie* case. If the commence-
ment of the action had not been authorized by the plaintiff,
then no action was pending at the time settlement was made.
The burden of establishing that fact was upon the defend-
ant Billings. He sustained the burden of proof by sub-
mitting uncontradicted evidence to the effect that the plaint-
iff had not authorized the commencement of the action.
Other and different considerations would control if the
matter had been allowed to proceed to judgment and the
judgment had been collaterally attacked on the ground that
the commencement of the action had not been authorized
by the plaintiff. While in form sec. 256.38 appears to be
designed to protect a plaintiff, it also serves the purpose
of protecting the right of an attorney to compensation in
actions for personal injury or death as a result of personal
injury. The plaintiff chose to ignore the covenant not to
sue Billings and to treat it as non-existent. However, the

662

issue was fully tried both with respect to fraud and with respect to the authority of Messrs. Schlabach & Steele to commence the action. If in fact no authority had been given to commence the action, it was competent for either the plaintiff or the defendant to show that fact. An attorney at law may not affect the rights of his client by causing a summons to be issued without authority. Without in any manner withdrawing or bringing in question what was said in *Reinkey v. Wilkins, supra,* it is considered that under sec. 256.38 either party may show a want of authority in an attorney when the matter has been properly drawn in issue in the course of the trial and that neither party is confined when a claim is asserted under that statute to a motion to dismiss. Messrs. Schlabach & Steele having, as appears by the undisputed evidence, no authority to commence the action on June 10, 1932, no action was in fact pending which could in any way affect the settlement made on September 9, 1932. The settlement was therefore valid.

*By the Court.*—The judgment appealed from is affirmed as to all defendants.