MULLINS, Receiver, Appellant, vs. LABAHN and another, Respondents.*

*October 12—November 9, 1943.*

* Motion for rehearing denied, with $25 costs, on January 18, 1944.

For the appellant there were briefs by *Samuel Goldenberg* of Milwaukee, and oral argument by *Mr. Goldenberg* and by *Mr. Jules Dashow* of Chicago, Illinois.

For the respondents there was a brief by *Schanen & Schanen* of Port Washington, and oral argument by *William F. Schanen.*

FOWLER, J.  The suit was brought in the circuit court for Ozaukee county to recover on a judgment rendered by a court of record in Illinois.  The trial court dismissed the complaint. The question at issue is whether the Illinois court had jurisdiction to render the judgment.  The appellant concedes that if the Illinois court did not have jurisdiction of the persons of defendants the judgment is void and the judgment of dismissal must be affirmed but claims that the Illinois court had jurisdiction because: (1) The defendants appeared in the Illinois action by an attorney; and (2) the return of the sheriff to the Illinois court shows service of the summons and complaint upon each of the defendants according to the Illinois governing statute.

(1) The record of the original action recites an appearance by an attorney for each defendant and the filing of a demurrer by him which was overruled.  Both defendants testified that they never authorized the attorney's appearance and testify positively that they never knew the attorney assuming to appear for them, and never had any contact or correspondence with him.  The record of the original action

shows that the attorney took like action for twenty-eight other defendants in the action, which was a creditors' action to sequester the assets of an Illinois bank, and the judgments sued upon were procured in the proceedings therein by the receiver appointed by the court in the action to recover from the defendants their superadded liability as owners of stock of the bank.   The defendant Herbert LaBahn also testified that he at the time of the claimed service of the summons upon him had a regular attorney who subsequently procured a judgment of discharge in bankruptcy for him; that if he had employed any attorney to appear for him in the original action he would have employed that attorney and would have pleaded the discharge in bankruptcy in defense to the action.   When the authority of an attorney to act in course of a lawsuit becomes an issue the issue must be determined upon the evidence.   In the first instance the authority is presumed and the burden is on the party denying the authority to establish it.   *Peplinsky v. Billings,* 213 Wis. 651, 661, 252 N. W. 342.   No doubt the presumption is a strong one and can only be overcome by evidence that is "clear, satisfactory and convincing."   5 Am. Jur. p. 308.   But it would seem that the burden is sustained by submission of uncontradicted evidence that the action of the attorney was not authorized.   *Peplinsky Case, supra.*   No contradictory proof is here presented, and over a year elapsed between the times when the defendants interposed their defense of want of authority in the instant case, and when the case was tried.   This was ample time for the plaintiff to procure some proof of the Illinois attorney's retainer.   It would seem that the situation called for some evidence by the attorney at least.   It would seem that if the attorney was paid a retainer he could have proved that, and that if he was not so paid he could have shown why.   We consider that the trial court was entirely justified in ruling that the defendants did not authorize appearance for them in the original suit.

(2) We have above adverted to the fact that the returns of the sheriffs in the original case recite service of the summonses and complaints as provided by the Illinois statute in order to confer jurisdiction of the persons of the defendants. The appellant contends that the effect of these returns cannot be overcome by mere denial under oath of the defendants. It may be, as stated in appellant's brief, that the weight of authority supports this rule. But there are decisions directly to the contrary. Two from other jurisdictions are cited in respondents' brief, *Reichman-Crosby Co. v. Horton,* 143 Miss. 141, 108 So. 443, and *Van Brink v. Aaron* (App. Term), 187 N. Y. Supp. 108. *Raulf v. Chicago Fire Brick Co.* 138 Wis. 126, 119 N. W. 646, is also cited. The *Raulf Case* is to the precise point and has never been overruled. The limit to which this court has gone is to hold that the officer's return cannot be overcome except by "the most clear and satisfactory evidence." *Arapahoe State Bank v. Houser,* 162 Wis. 80, 86, 155 N. W. 906; *Davis v. State,* 187 Wis. 115, 120, 203 N. W. 760. It is true that the *Arapahoe State Bank* decision states in immediate connection that, "ordinarily, the mere denial of service by the interested party is not sufficient therefor," but the implication is plain that in an extraordinary case, and as will hereinafter appear, this case is in some of its aspects quite extraordinary, the trial judge must determine whether the testimony of the defendants, in view of the circumstances appearing, constitutes the requisite *quantum* of proof. It is also true that the *Davis Case* states: "Although we do not find that the rule that the return of an officer to the process of a court is conclusive has ever been applied in this state, there is much authority to support it, and its correctness has been specifically recognized by this court in the cases cited." But we do not find by examination of the cases cited in the *Davis Case* or the quotation from *Toepfer v. Lampert,* 102 Wis. 465, 469, 78 N. W. 779, therein given that the "correctness [of the rule that the officer's return is conclusive] has been specifically recognized by this court." In fact the *Rape*

(9 Wis. *328) and *Pollard* (13 Wis. *569) *Cases* cited in the *Toepfer Case,* are to the contrary as to foreign judgments, and every other Wisconsin case cited in the *Davis* opinion, decided since the *Carr Case* (16 Wis. *50) cited in the *Toepfer Case,* is to the contrary as to Wisconsin judgments. While it has been held in some states that the return of the officer in cases in those states is conclusive, it is said in *Thompson v. Whitman,* 85 U. S. 457, 468, 21 L. Ed. 897:

"Public policy and the dignity of the courts are supposed to require that no averment shall be admitted to contradict the record. But, as we have seen, that rule has no extra-territorial force."

And in a note in 59 A. L. R. p. 1398, it is said:

"It appears to be the general rule that, where an action is brought in one state on a judgment rendered in another state, the officer's return of service of process in the sister state is not conclusive as to the parties, and may be attacked to prove lack of jurisdiction."

It is further said in the A. L. R. note cited, p. 1399:

"Since the case of *Thompson v. Whitman, supra,* it has been uniformly held that the defendant was not precluded by the statement of any jurisdictional fact in the record, and that, where the judgment was sought to be enforced in another state, the courts of that state could inquire into the truth or falsity of any jurisdictional fact, and were not precluded by the statements of the record from so doing."

The returns of the deputy sheriffs who served the summons and complaint in the original action against the LaBahns are as follows:

"Served this writ on the within-named defendant Mabel I. LaBahn by delivering a copy thereof to her this 10th day of October, 1932.
"Served this writ on the within-named defendant Herbert C. LaBahn by leaving a copy thereof for him at the usual place

of abode with Mary LaBahn, his wife, a member of his family, a person of the age of ten years and upwards; at the same time informing her of contents thereof, this 18th day of November, 1932."

The Illinois governing statute does not require, as does the Wisconsin statute providing for substituted personal service upon an individual, sec. 262.08 (4), Wis. Stats., that "if not found" substituted service may be made. But it is to be noted that the instant returns do not state the address at which the substituted service was made. The LaBahns were husband and wife living together at a certain street address. The return in the husband's case recites that the copies of the summons and complaint were delivered to "Mary LaBahn, his wife." Mary LaBahn was the mother of Herbert LaBahn and lived at a street address different from his. The two services were made at different dates, while ordinarily the substituted service on the husband would have been made at the time of the service on the wife which was over a month earlier. The return of the substituted service does not say that the wife of the husband was personally known to the officer. Had the address been given in the return or the wife been correctly named therein the return would have been of much greater probative force. No evidence was given by the officers to supplement their return as was done in the *Arapahoe State Bank Case, supra*. Had the delivery been made to the wife in her own case she would naturally have told her husband of it, and had delivery been made to her in the husband's case she would certainly have told him of it, and he naturally would have inserted the claim of the receiver in his schedule of liabilities, which he did not do, and thus have been discharged of the claim. The purpose of bankruptcy proceedings generally is to procure a discharge from liability for debts, and that is always the purpose of a petition for discharge in bankruptcy. It should be noted here, in elucidation of the above, that the summonses were served in 1932,

the original judgment entered November 14, 1936; the bankruptcy proceedings were commenced in July, 1936, and the discharge in bankruptcy was entered October 19, 1936.

The things above mentioned made the testimony of the defendants more entitled to credence than it would have been without them, and it appears from the trial judge's written decision that he considered them in determining the want of service. The trial judge said in his written decision:

"Defendant Mabel I. LaBahn was very positive in her testimony that she never received a copy of the writ on her own or her husband's behalf. Having observed her on the witness stand I cannot convince myself that she could be tempted to swear falsely on any matter. Defendant Herbert LaBahn is an intelligent person of some business experience. It does not seem that he would ignore the demand of the complaint if it had come to his attention."

We are of opinion that the judgment of the trial court must be affirmed, especially as in the *Arapahoe State Bank Case, supra,* so strongly relied upon by the appellant, it is stated, page 83:

"Without going so far as to hold that a mere denial under oath by the defendant of the service will not satisfy the call for such 'most satisfactory showing,' it was, in effect, held [in *Illinois Steel Co. v. Dettlaff,* 116 Wis. 319, 93 N. W. 14] that any circumstantial evidence worthy of consideration in support of the return, is sufficient to preclude such mere denial from prevailing."

"It is a poor rule that will not work both ways." With equal reason any circumstantial evidence worthy of consideration in support of the denial of service by the interested party, will suffice to make the denial prevail over the return, providing, of course, that the trial judge so considers.

*By the Court.*—The judgment of the circuit court is affirmed.