JONES *v.* BURGETT.

5-25                                           256 S. W. 2d 325

Opinion delivered March 30, 1953.

*W. J. Morrow* and *D. B. Bartlett,* for appellant.

*Bob Bailey, Jr.,* and *Bob Bailey,* for appellee.

ED. F. McFADDIN, Justice. This is a suit seeking to set aside a decree on the claim of the unauthorized appearance of counsel.

On June 20, 1945, the Chancery Court of Johnson County entered a decree quieting the title of Mrs. Burgett (the present appellee) to certain lands as against J. B. Roberts, Ida Bell Roberts, H. B. Covington, Hazel Covington, C. W. D. Jones, Minnie Jones, *Robert H. W. Jones and Mattie Jones.* We will hereinafter refer to that suit as the "1945 case." The decree of the Johnson Chancery Court in that case was affirmed by us in *Roberts* v. *Burgett,* 209 Ark. 536, 191 S. W. 2d 579.

It will be observed that Robert H. W. Jones and Mattie Jones, his wife, (the present appellants), were listed as parties in the 1945 case. On November 17, 1951, the said Robert H. W. Jones and Mattie Jones, his wife, filed the present suit in the Johnson Chancery Court, seeking to vacate the said decree rendered against them in the 1945 case. In the present suit, Jones and wife alleged: that they had lived in Kansas for many years; that they were neither personally nor constructively summoned in the 1945 case; that they did not enter their appearance in the 1945 case; that they did not authorize any attorney to appear for them; that they did not know, until 1951, that judgment had been rendered against them in the 1945 case; and that they had a meritorious defense to the 1945 case.

Mrs. Burgett (plaintiff in the 1945 case and appellee here) resisted the present suit: she pleaded the decree in the 1945 case as *res judicata,* and also pleaded laches and estoppel. The Court heard the evidence offered, and in a carefully prepared opinion found: (a) that Mr. and Mrs. Jones were represented by a duly authorized attorney in the 1945 case; and (b) that Mr. and Mrs. Jones had no meritorious defense to the 1945 case. A decree was entered in accordance with such findings and the petition to vacate was dismissed. The said Robert H. W. Jones and Mattie Jones, his wife, prosecute the present appeal, and will be herein referred to as "Appellants."

We find it necessary to discuss only the issue first mentioned by the Chancellor—*i. e.,* the appellants were represented by a duly authorized attorney in the 1945

case. The evidence in the present suit showed that Robert H. W. Jones and Mattie Jones, his wife (the present appellants) had known C. R. Starbird since the childhood days of the parties; that C. R. Starbird is, and has been for many years, a regularly practicing attorney in Arkansas; that when Mrs. Burgett filed the 1945 case, she attempted to summon the present appellants constructively, by having a warning order published and an attorney *ad litem* appointed;[1] that Mrs. Jones came to Arkansas on account of the death of a relative, and while here, visited with Mr. Starbird. Mrs. Jones denied that she employed Mr. Starbird to represent appellants in the 1945 case, but he testified that he was so employed and that he corresponded with the appellants about the case. At all events, Mr. Starbird, a regularly practicing attorney, filed a pleading for Mr. and Mrs. Jones in the 1945 case, and had their testimony taken by deposition.

The agreement to take the depositions of Mr. and Mrs. Jones was dated October 28, 1944, and contained a caption of the case showing *Robert H. Jones and Mattie Jones* listed as defendants, along with the other defendants in the 1945 case. Mr. Starbird[2] wrote Mr. and Mrs. Jones as to the depositions; and Mr. Jones admits paying $10.25 for the cost of taking the depositions in Kansas. In those depositions taken in the 1945 case, Direct Interrogatory No. 2, propounded to Mr. Jones, read as follows:

"Are you the same Robert H. Jones named as defendant in a case in the Johnson Chancery Court filed by Rhoda M. Jones Burgett, and mentioned as an heir at law of H. W. Jones, late of Johnson County?"

Mr. Jones answered that Interrogatory, "Yes." Mrs. Jones' deposition was taken at the same time and place that Mr. Jones' deposition was taken, and she undoubtedly knew of the above Interrogatory and answer.

Thus, despite all protestations to the contrary, the foregoing Interrogatory and answer show that if Mr.

[1] There was no report of the attorney *ad litem*.

[2] When the 1945 case was appealed to this Court, the appellants were represented by the firm of Wilson & Starbird, since the partnership of the lawyers had been formed.

Jones thoughtfully answered the copied Interrogatory, then he knew that he was a party to the 1945 case and that Mr. Starbird was representing him. There are many other circumstances in the case all going to show that Mr. and Mrs. Jones authorized Mr. Starbird to enter their appearance in the 1945 case; and because of such factual matters, they are necessarily bound by the result of that case.

In *Williams* v. *Alexander*, 140 Ark. 442, 215 S. W. 721,[3] the claim was made that the appearance of counsel had not been authorized; and Mr. Justice HART, speaking for this Court, said:

"The records of a court regular upon their face have a large degree of sanctity attached to them and are not to be lightly overcome. Hence where the appearance of the parties is entered by regular practicing attorneys, the evidence of a want of authority must be clear and satisfactory in order to warrant a court of equity in relieving the party against the judgment. *Wheeler* v. *Cox,* 56 Iowa 36, 8 N. W. 688, and *Harshey* v. *Blackmarr,* 20 Iowa 161, 89 Am. Dec. 520, and *Winters* v. *Means,* 25 Neb. 241, 41 N. W. 157, 13 Am. St. Rep. 489."

And in concluding the opinion, Justice HART used this language:

"When the whole record is read and considered together, we are of the opinion that the appellants have not made out their case by that clear and satisfactory proof which is required in cases of this sort."

The foregoing quotations fully and completely express our views in the case at bar.

Affirmed.

[3] This case is cited along with cases from many jurisdictions in an Annotation in 88 A. L. R. 12, entitled: "Attack on domestic judgment on ground of unauthorized appearance for defendant by attorney."