Robert C. McCLELLAND, Appellant,

v.

Marie J. MANN, Appellee.

No. 1901.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 3, 1956.

Decided Feb. 6, 1957.

John Henry Fallon, Washington, D. C., for appellant.

Edward L. Genn, Washington, D. C., with whom Benjamin B. Brown, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant and his wife, as tenants by the entirety, owned an apartment building in the District of Columbia. On September 13, 1955, they were sued by appellee for wrongful eviction. The wife was personally served and service on the husband was made by leaving copy of the summons and complaint with the wife at her home in the District, as his "usual place of abode."[1] Thereafter an answer and counterclaim were filed by Bernard P. Platshon, an attorney, on behalf of appellant and his wife. Later Mr. Platshon asked leave to withdraw his appearance because he was "unable to obtain cooperation of defendants in his defense of the case." This motion was granted and Mr. Miller W. Marshall then entered his appearance as counsel for appellant and his wife. The case went to trial and on July 2, 1956, judgment was entered against appellant and his wife for $1,200. No appeal was noted, but on July 31 appellant filed a motion to set aside the judgment as to him, alleging that the court had never acquired jurisdiction over him because he was a resident of the State of Virginia, had never been a resident of the District of Columbia, and had no usual place of abode therein, and that delivery of copy of summons and complaint to his wife was ineffectual service as to him. After a hearing upon the motion it was denied, and this appeal followed.

1. Municipal Court Civil Rule 4(c) (1).

At the hearing appellant gave evidence, which we think was conclusive, that he was not and never had been a resident of the District, and that he had no usual place of abode therein. Accordingly the attempted service by leaving a copy with his wife at her home was not valid service on him. However, such defective service is immaterial if appellant entered a voluntary appearance through counsel. With respect to this point the evidence is not conclusive.

According to appellant he knew nothing of the action against him until after judgment was entered, and his first knowledge of it was acquired from his wife when he visited her about July 10, 1956. On the other hand, he admitted he visited his wife on possibly eight occasions while the action was pending. The trial court may have concluded that it was inconceivable that the wife did not on any of those occasions inform her husband of the pendency of the action and that an attorney had been engaged to represent them.

According to the wife she engaged Mr. Platshon but informed him that her husband was not a resident of the District, and she never advised her husband of the action until after trial and judgment. Her testimony is considerably weakened by the fact that on a deposition before trial she testified her husband was in Europe, whereas he testified he had not been outside the United States during the past five years.

Mr. Marshall, the second attorney in the case, stated that when he came into the case he assumed that he was representing both husband and wife, but he never met the husband until after trial, and that when the action was pending he inquired about the husband but the wife invariably replied that he was out of town.

Significantly, we think, the record contains no affidavit or statement by Mr. Platshon, the attorney who first purported to act for appellant and his wife. If this attorney's appearance for appellant was not authorized in the first instance and was never ratified, the court had no jurisdiction to enter judgment against appellant.[2] On the other hand, if Mr. Platshon was authorized to represent both appellant and his wife, then the filing of an answer by him on their behalf constituted an appearance giving the court jurisdiction over both. The omission of any statement from Mr. Platshon, with no explanation for this omission, left open many questions. Did he have any communication with appellant prior to or after filing the answer? Why did he file an answer for both unless engaged to represent both? What did he mean when he asked leave to withdraw because he was unable to obtain cooperation of "defendants?"

The presumption is that an attorney-at-law who appears in regular manner on behalf of a party litigant has authority to do so. Booth v. Fletcher, 69 App.D.C. 351, 101 F.2d 676, certiorari denied 370 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511. This presumption is not conclusive, but it can be overcome only by substantial proof in the form of countervailing evidence. Booth v. Fletcher, supra. See also Abraham v. Shinberg, 88 U.S.App.D.C. 306, 190 F.2d 595. It has been said that such proof must be clear and satisfactory. Jones v. Burgett, 221 Ark. 866, 256 S.W.2d 325. When the authority of an attorney is challenged the issue is one for determination on the evidence. Mullins v. LaBahn, 244 Wis. 76, 11 N.W.2d 519; Wilson v. Barry, 102 Cal.App.2d 778, 228 P.2d 331; Gagnon Company v. Nevada Desert Inn, 45 Cal.2d 448, 289 P.2d 466.

It was for the trial court to determine whether appellant's evidence success-

2. "The Supreme Court has consistently treated a judgment based upon an unauthorized appearance for a defendant by an attorney as a nullity." In re Retail Chemists Corporation, 2 Cir., 66 F.2d 605, 608.

fully rebutted the presumption of Mr. Platshon's authority, and we cannot hold that the trial court was in error in ruling as it did.

Affirmed.